Coughran *v.* Gutcheus.

---

WASHINGTON COUGHRAN, Plaintiff in Error, *v.* MORRIS GUTCHEUS, impleaded with IRA GATES, Defendant in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

Courts, during the pendency of a suit, or during the term at which it was decided, may amend or correct their records; but afterward, their power over records is limited to the correction of errors and mistakes of officers; and after notice and saving rights, these may be rectified.

Amendments should be made from the memoranda of the court, or from the pleadings and record, not from the memory of witnesses testifying *ex parte.*

THE application in this case was made to J. M. WILSON, Judge, and was denied by him at April term, 1856, of the Common Pleas Court.

The opinion of the judge recites the material facts of the case.

T. BURGESS and O. R. W. LULL, for Plaintiff in Error.

B. S. MORRIS, H. F. WAITE, and S. WILCOX, for Defendant in Error.

SKINNER, J. This was a motion to amend a record.

In September, 1848, Coughran filed in the Cook County Court of Common Pleas his petition against Gates, for a mechanic's lien upon certain premises, to which Gates appeared and confessed judgment; and the court ordered execution against the premises in the petition described.

In October, 1848, the court, on application of Gutcheus,

who claimed an interest in the premises, opened the judgment and admitted him, by way of interpleader, to defend.

In March, 1850, the court (as the record shows), on motion of Gutcheus, ordered that the cause be stricken from the docket, and rendered judgment against Coughran for the costs of the suit.

In November, 1850 (as appears by the record), the court, on motion of Coughran, vacated the order of October, 1848, opening the judgment, and ordered that execution issue upon the same. Execution accordingly issued upon this judgment, and the premises in the petition described were sold under it to Coughran.

In December, 1854, Coughran made this motion to vacate the record of March, 1850, dismissing the cause, at his costs. Gutcheus and others claiming interests in the premises appeared and resisted the motion.

Upon the hearing, Coughran read affidavits of his attorneys, to the effect that, at the time of the making of the order of March, 1850, Gutcheus, in fact, moved to withraw his interpleader and defense, and not to dismiss the plaintiff's cause, and that the parties then so understood the motion, and supposed the action of the court and the record to amount to a withdrawal of the interpleader. Gutcheus and others read affidavits, showing the death of the attorney who appeared for Gutcheus; that adverse and intervening rights in the premises had accrued, attempting to impeach the judgment, by confession, for fraud, and insisting that the record sought to be vacated truly states the judgment of the court.

The court overruled the motion.

The general rule is, that courts, while a cause is pending, and the parties before them, have control over the record and proceedings in the cause, and that they have jurisdiction over their judgments and final orders of a pending term, and may, during the term, or while the cause is depending, and the parties in court, for cause appearing, amend or set them aside. But after the expiration of the term, unless the cause is still depending, and the parties are in court, their power over the record is confined to errors and mistakes of their officers; and these may, at any time, upon notice to the parties in interest, and saving such rights as, in the interval of time, may have accrued to third persons, be corrected so as to make the record conform to the action or judgment of the court. *Stahl* v. *Webster*, 11 Ill. R. 511; *Atkins* v. *Hinman*, 2 Gilm. R. 437; *Lyon* v. *Boilvin*, ibid. 629; *O'Connor* v. *Mullen*, 11 Ill. R. 57; ibid., 118; *Frink* v. *King*, 3 Scam. R. 144; *Lamprett* v. *Whitney*, ibid. 170; *Williams* v. *Waldo*, ibid. 265; *Robb* v. *Bostwick*, 4 Scam. R. 116; *Duncan* v. *McAfee*, 3 Scam. R.

93; *Loomis* v. *Francis*, 17 Ill. R. 206; *Shirley* v. *Phillips*, 17 Ill. R. 471. See *Chichester* v. *Conde*, 3 Cowen R. 39, and *Hart* v. *Reynolds*, 3 ibid. 42, and note to that case; *Hull* v. *Williams*, 1 Fairfield R. 279.

Ordinarily these errors and mistakes are apparent from the minutes of the judge, other entries of the same record, or the pleadings and files in the cause; and, in such case, there being something to amend by, courts will not hesitate to make such amendments as will advance justice and sustain the rights of parties. But where there is nothing to amend by, and the court is compelled to learn from the memory of witnesses what its judgment, in fact, was, it may well be doubted whether, upon motion and *ex parte* proof, however strong and contradicting the record, an amendment can be made conforming the record of the judgment to such proof.

By this record the cause was finally disposed of, and the parties out of court some four years before this motion was made, and the court is called upon, after this lapse of time, upon *ex parte* proof alone, to nullify the record evidence of its judgment. Other rights, in the subject matter of the suit, have intervened, and those rights are sought to be affected without trial by jury, or opportunity of cross-examining the witnesses, whose affidavits are interposed to avoid a judicial record, and destroy the effect of a judgment.

This, we do not hesitate to say, should not to be done, under the circumstances of this case, and upon the kind of proof adduced.

Undoubtedly a court of equity, by virtue of its jurisdiction, in case of accident and mistake, upon proper application by bill, and full proof, would grant relief by decree, adjusting and protecting the rights of all persons to be affected thereby.

*Judgment affirmed.*