# THOMAS CHURCH *et al.*

*v.*

# JOSEPH G. ENGLISH.

1. AMENDMENT *of record.* A court has power to amend its own records at a subsequent term, upon notice to parties interested, and, as between the original parties, it seems there is no limitation as to the time in which such amendments may be allowed; but rights acquired by persons not parties to the record, previous to any such amendments, are not affected thereby.

2. SAME—*whether the record when amended will be erroneous or not, is not a question on a motion to amend.* Upon an application to amend a record at a subsequent term so as to show what orders were in fact made at a previous term, the question as to whether such orders were rightfully made, does not arise.

3. SAME—*may be amended after the cause is removed from the court on change of venue.* The fact the venue of a cause has been changed and the cause tried in the court to which it was changed, does not deprive the court where the cause originated, of jurisdiction to amend its record made in the cause previous to such change of venue.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. O. L. DAVIS, Judge, presiding.

This was a motion made in the Vermilion circuit court, in August, 1875, to reinstate the cause, and amend the record so as to correspond with the judge's minutes.

The cause was, in 1865, removed from said court to the circuit court of Macon county, on a change of venue, as shown by the judge's minutes, but the order for the change of venue was never entered upon the record by the clerk. The court, upon an inspection of the judge's minutes, ordered the record to be amended so as to show the order for the change of venue as of the proper date.

Mr. L. REILLY, Mr. JESSE HARPER, and Mr. E. Q. NYE, for the plaintiffs in error.

Messrs. MANN & CALHOUN, for the defendant in error.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

That a court has power to amend its own records at a subsequent term, upon notice to parties adversely interested, is

not doubted. The single inquiry is, whether that authority was rightfully exercised under all the circumstances in this case.

At the August term, 1875, the circuit court of Vermilion county, upon notice given to all parties concerned, ordered the record in this cause to be amended so as to show what orders had, in fact, been made in it at the September term, 1865. All the amendments allowed were made upon an inspection of the judge's minutes, entered upon his docket at the time, and in accordance therewith. It appearing to the court the clerk had not entered all the orders made in the cause, the record was completed as of that term, but with a saving of all intervening rights acquired by third persons.

Whether the venue in the cause was rightfully changed to the county of Macon, at the September term, 1865, does not seem to us to have any relation to the question under consideration. It may be the venue was improperly changed, and had the proper steps been taken, the cause might have been remanded to Vermilion county, or the decree reversed on error or upon appeal. But that question is not now before us. All the circuit court of Vermilion county did, or assumed to do, was to amend its own records remaining in that court, and this it had the clear authority to do, upon notice to all parties to the record, or their legal representatives, upon sufficient evidence, saving, always, the rights of persons not parties to the record, or their privies.

Notwithstanding the venue of the cause may have been changed to Macon county, and the cause finally tried in that county, that fact did not deprive the circuit court of Vermilion county of jurisdiction to amend its own records, previously made. Whether it is a misprision of the clerk or a malfeasance, the court has power at all times, upon notice given, to reform its records so as to make them speak the truth.

As between the original parties, we are not aware of any limitation as to the time in which such amendments may be allowed. No reason suggests itself why such amendments may not be made at any time, so long as anything definite and certain

remains to amend by. But until the amendments are actually made, third persons can act upon nothing but the official record, kept by the officers appointed for that purpose, and all rights previously acquired are in no manner affected by subsequent amendments. *Cook* v. *Wood*, 24 Ill. 295; *McCormick* v. *Wheeler*, 36 Ill. 114.

Whether the original papers in the cause were on file in the Macon circuit court, or in the Vermilion circuit court, when the order allowing the amendment was made, is a matter of no consequence. The validity of the order in question is not affected by any such consideration. The proceedings were in reference to the record previously made, and not in regard to the papers in the cause. Nothing appears to show where the original papers were at the time. Justice required the records should be amended so as to show what had been done in the cause. That power must exist somewhere. Clearly it was not in the Macon circuit court, for the record to be amended was not there. Hence, it follows the power was in the circuit court of Vermilion county, and we think it was rightfully exercised.

The judgment will be affirmed.

*Judgment affirmed.*