·FRED. W. BECKER

*v.*

CHARLES SAUTER.

1. JUDGMENT—*power over at subsequent term.* During the term at which a judgment or decree is rendered, the court has control over the record, and, for cause appearing, may amend its judgments, orders or decrees, or set them aside, but after the term has expired, it has no power to make any substantial amendment or set them aside.

2. SAME—*vacating order for new trial at subsequent term.* Where the court, by its order, finds that all the costs have been paid in an action of ejectment, and awards a new trial under the statute, it can not, at a subsequent term, review its decision, and set aside such order upon the ground the costs have not been paid.

3. ERROR—*in granting a new trial in ejectment, under the statute.* Where a new trial is granted in ejectment, under the statute, upon a state of facts which does not authorize such action, it seems, upon the final disposition of the case, the decision granting the new trial may be reversed on error.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

This was an action of ejectment, to recover the possession of certain premises in Cook county. On the 25th day of November, 1874, a trial was had, and appellee, the defendant in the action, was found not guilty and judgment rendered against appellant for costs. On the 14th day of September, 1875, appellant applied for a new trial under the statute, and an order of court was entered in the cause as follows: "And now comes the said plaintiff, and pays into court all the accrued costs of suit; whereupon it is ordered by the court that a new trial be, and the same is hereby, awarded in said cause, pursuant to the statute in such case made and provided."

On February 24, 1877, appellee entered a motion to set aside the order of September 14, 1875, granting a new trial, on the alleged ground that the costs had not in fact been paid. This motion the court, on hearing the affidavits produced, allowed, and appellant excepted and appealed.

Messrs. BECKER & DALE, for the appellant.

Mr. J. R. CUSTAR, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

The only question presented by the record is, whether the Superior Court, after the lapse of a year and five months, had the right to review and annul a former decision of the court.

During the term at which a judgment or decree may have been rendered, the court has control over the record, and, for cause appearing, may amend its judgments or decrees or set them aside. But after the expiration of the term at which a judgment is entered, the court has no power to make any substantial amendment or to set it aside. *Cook* v. *Wood*, 24 Ill. 295; *Lill* v. *Stookey*, 72 id. 495; *Coursen* v. *Hixon*, 78 id. 339.

The judgment granting a new trial was rendered by the court after being satisfied from the testimony that all costs in the case had been paid by appellant, as required by the statute. After the term had closed, this judgment, in so far as the matters passed upon and decided were concerned, became final. If the judgment was rendered upon a state of facts not authorizing such action, by the statute, appellee had the right to preserve the evidence upon which the court acted, in a bill of exceptions, and after the case was finally disposed of, the decision granting a new trial could be reversed in the appellate court on appeal or writ of error; but we are aware of no authority under which the judge or court rendering the decision could sit in review upon its own decision.

The judgment will be reversed and the cause remanded.

　　　　　　　　　　　　　　　*Judgment reversed.*