### BENJAMIN TUCKER

*v.*

### AARON HAMILTON.

*Filed at Ottawa January 23, 1884.*

1. AMENDMENT—*of record, to obviate error assigned.* The clerk, in entering a judgment by default in an action of ejectment, omitted to enter the finding of the court of the plaintiff's title to the premises. After error assigned in this court for this defect, the plaintiff, on due notice to the defendant, had the record so amended that the judgment found that the plaintiff had a fee simple title to the land, and filed a transcript of the amended record in this court: *Held,* that the amendment below cured the error.

2. DEFAULT—*admits plaintiff's title, in ejectment.* A default in an action of ejectment admits all the material allegations in the plaintiff's declaration, including that of the plaintiff's ownership of the land, and no proof of title in such case is necessary.

3. EJECTMENT—*damages after judgment by default.* On a suggestion of damages on a default in an action of ejectment, the proper practice is to have issued a writ of inquiry to assess the damages. Such writ is required before the damages can be assessed.

4. SAME—*practice—reference to master.* On default in an action of ejectment, a reference to the master in chancery to take and report evidence is wholly unnecessary, and amounts to nothing.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. JOHN BURNS, Judge, presiding.

Messrs. HOPKINS & HAMMOND, for the plaintiff in error:

It was error to amend the record six weeks after final judgment, without notice to the defendant. *Morton* v. *Bailey,* 1 Scam. 213.

The judgment was erroneous in not finding the estate of the plaintiff below. Hurd's Stat. 1880, chap. 45, sec. 30, clause 7; *Rawlings* v. *Bailey,* 15 Ill. 178; *Patterson et al.* v. *Hubbard,* 30 id. 201; *Koon* v. *Nichols,* 63 id. 163; *Long* v. *Linn,* 71 id. 152.

It was error to refer the cause to the master to take and report proofs on the question of damages. The evidence

reported, if lawful or material, could not be taken by depositions without notice to the defendant. A defendant, though defaulted, is entitled to notice of the time and place of taking depositions. *Morton* v. *Bailey*, 1 Scam. 213.

Mr. W. E. HUGHES, for the defendant in error:

This court will consider the transcript of the record, as amended, with the original transcript. *Flagler* v. *Crow*, 40 Ill. 70; *Rowley* v. *Hughes*, 40 id. 71.

The record, as amended, shows that the court did, on the trial, find the plaintiff was seized in fee of the premises, and entitled to their possession.

It is complained that the evidence of one of the witnesses for the plaintiff below was taken by the master in chancery and reported to the court. No exception being taken and preserved in the record, this objection can not be urged in this court. *Conway* v. *Case*, 22 Ill. 127.

In the absence of a bill of exceptions it will be presumed in favor of the judgment that evidence sufficient to warrant the same was heard. *Thompson* v. *Schuyler*, 2 Gilm. 271.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Defendant in error brought an action of ejectment in the circuit court of Peoria county, against plaintiff in error, to recover a tract of land in that county. A summons was issued, and served on defendant on the 20th day of April, 1881. He having failed to enter his appearance, or to plead or demur, at the October term following, and on the 5th day of that month, he was called and defaulted. Thereupon the court rendered a judgment that the plaintiff ought to recover from the defendant the possession of the premises described in the declaration, and also his damages sustained by reason of the premises.

For some reason not apparent, the court referred the case to the master, to take and report the evidence. The master's

30—108 ILL.

report was filed on the 23d day of November, 1881, that still being of the October term, and it was approved, and the court thereupon rendered a judgment that plaintiff recover possession, and that he have a writ of restitution for the same. In this and the previous order the clerk omitted to enter the finding of the court as to the title of defendant in error. Defendant thereupon brought a transcript of the record to this court, and assigned for error that the court below had not, as the statute requires, found the estate held by plaintiff. Since the last term of this court, defendant, on due notice, applied to the circuit court and had the record amended so that the judgment in that court does find that defendant in error had, at the time he commenced his suit and at the time of the trial, a fee simple title to the land, and he has filed a transcript of the amended record in this court. Thus the amended record removes that error.

It is insisted that the evidence fails to establish a right of recovery. There being no bill of exceptions, we are precluded from looking into the evidence. The default admitted all the material averments of the declaration to be true, and there was no necessity of hearing evidence of titles. The declaration averred the plaintiff was the owner of the land in fee, and the default admitted its truth. The 49th and 50th sections of the Ejectment act point out the practice, in case of a default, on a suggestion of damages. In such a case a writ of inquiry is required, to assess the damages; but there was no suggestion of damages in this case, nor did the evidence relate to damages, but to the title. The reference to the master was wholly unnecessary. It accomplished no beneficial purpose, nor did it add anything to the force of the default.

Finding no error in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*