## Mutual Reserve Fund Life Association v. William B. Smith.

1. Decrees—*Must be Based upon a Bill or Petition.*—Every decree in chancery in favor of a complainant must be based on a bill or petition as its foundation. Proofs without allegations are as insufficient to support a decree as allegations without proofs.

2. SAME—*Allegations and Proofs Must Correspond.*—The rule being that to warrant a decree for the complainant the allegations and proofs must correspond, sufficiently illustrates the necessity of a bill or petition containing proper allegations.

3. PLEADINGS—*Affidavits Filed in a Chancery Suit Are Not.*—Affidavits filed in a chancery suit in support of a motion can not be considered as a pleading upon which to base a decree.

**Bill for Relief.**—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1898. Reversed. Opinion filed July 21, 1898.

CRATTY BROS., JARVIS & CLEVELAND, attorneys for appellant.

ABRAM B. STRATTON, attorney for appellee; ALFRED R. URION, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

This appeal was heretofore dismissed by this court on the ground that the order appealed from was not final, but on appeal to the Supreme Court the judgment of this court was reversed and the cause remanded, the Supreme Court holding that the order appealed from was a final, and, therefore, an appealable order.

The nature of the case in which the order appealed from was entered, and the proceedings preliminary to the entry of the order, are concisely stated by the Supreme Court in 169 Ill. 266–268, as follows:

" The appellee and a number of others, as complainants, had pending in the Circuit Court a proceeding in chancery, the prayer of which was that the appellant association should be restrained by the decree of the court from collecting, by way of assessments upon its policy holders, sums of money to be devoted to the creation of an alleged unlawful permanent reserve fund, and that the assessments of the complainants might be paid out of the reserve fun l now, as the bill alleged, illegally in the possession of the association, or that such alleged, illegal reserve fund should be distributed among the policy holders of such association, and that,

pending a hearing of the case, a temporary injunction might be awarded the complainants, restraining the association from declaring the policies lapsed, in order that the same may stay in full force and effect until the court could determine the case.  The motion for a preliminary injunction was heard and denied, and the complainants and the association, on December 30, 1895, in view of the fact of failure to pay the assessments during the pendency of the suit might result in forfeiture of the policies, entered into a stipulation providing for the payment of the assessments to one of the solicitors for the association, to be by him held and disposed of according to the final decree of the court. On the 13th day of March, 1896, some two and a half months after the stipulation had been entered into, during all of which time appellee had made no payments thereunder, but was in default under the agreement, he made application to the court to have the stipulation permitting the payment of accrued and accruing assessments to the solicitor extended, so as to permit him to pay his assessments at that time and have the benefit of the provisions of the stipulation.  The court required the appellant to answer this application, and afterward heard the testimony of the respective parties, and entered a decree, declaring that the policy of appellee should not be regarded as forfeited for non-payment according to the terms of the stipulation, and that the association should reinstate him to all the rights and privileges accorded him by the stipulation, upon payment by him of all assessments due up to that date, with legal interest thereon.

The court had refused to restrain the collection of the assessments during the pendency of the suit, and the parties to the litigation, in view of such refusal of the court, entered into the stipulation providing for the payment of such assessments to a designated third party, to be by him held until the case should be determined, and then to be paid by him to the party entitled to receive the same under the decree. The appellee did not comply with his undertaking in the stipulation, and insisted that reasons existed why the court

should relieve him from the consequences of his default. The stipulation and its provisions, and the duties and obligations of the parties, were distinct from the general subject of the litigation. Only the appellee and the appellant association were parties to the controversy. The numerous other parties to the litigation were in no wise interested in or affected by its determination."

The bill in the principal case was filed October 10, 1895, by George T. Elliott and others, not including appellee, who were members of the appellant association. October 31, 1895, an assessment against the complainants fell due. By the terms of the certificates of membership and by-laws of the association, membership might become forfeited by failure to pay an assessment when due. Therefore, October 31, 1895, the parties, by their solicitors, stipulated that a motion made in the cause by the complainants for a temporary injunction might be placed on the contested motion calendar, to be heard, if possible, Monday, November 11, 1895, and that, in the meantime, the policies of the complainants and their rights thereunder should remain *in statu quo.*

November 6, 1895, it was stipulated by the solicitors for the respective parties that the bill might be amended by making appellee, William B. Smith, and another person parties complainant, and the bill was amended accordingly. December 16, 1895, the motion for a temporary injunction was heard and denied, but the final order denying the injunction was not entered until December 30, 1895. At the last date, several assessments having fallen due since the commencement of the suit, and remaining unpaid, the parties, including appellee, stipulated by their solicitors, among other things, as follows :

" Whereas, in the above entitled action, a motion has heretofore been made herein for the relief recited in the complaint herein.

And whereas, said motion came on to be argued on the sixteenth day of December, A. D. 1895, before Hon. O. H. Horton, judge of said court, and said motion on such hearing was denied.

And whereas, heretofore, the parties to this action have amicably agreed and stipulated that the defendant would take no action for the non-payment of premiums becoming due until the hearing of said motion.

It is hereby stipulated that all sums now due and payable to the defendant as assessed by it for dues and mortuary premiums which have heretofore been due and payable and remain unpaid, or which may hereafter, until the final determination of this action, become due and payable under and by virtue of the terms and conditions of the respective certificates of membership or policies of insurance herein of the above named plaintiffs herein respectively, may be paid to Thomas Cratty at his office in Security building, Chicago, Ill., with the same effect as if the same were or should be paid to the defendant, subject, however, to all the conditions, stipulations and agreements of said respective certificates of membership or policies of insurance as to forfeiture for non-payment, and all other conditions and terms, except that said payments may be made to said Thomas Cratty in lieu of the defendant, provided, however, that unless the said respective sums and all of them which have heretofore become due and payable under the terms and conditions of said respective certificates of membership or policies of insurance, or any of them, shall not be paid to said Thomas Cratty within ten days after the date of this agreement, or if any sum due and payable hereafter under the terms of said several certificates of membership or policies of insurance or any of them respectively, shall not be paid as provided in said certificates of membership or policies of insurance, then, and in that event, said certificates of membership or policies of insurance, as to such of them in which said default for non-payment shall exist, shall respectively be deemed terminated, lapsed, and null and void, and all sums theretofore paid thereon shall be deemed forfeited to the defendant in the same manner and to the same extent as if said payments or any of them had been made or omitted to be made to the said defendant under the terms and conditions of said certificates of membership or policies

of insurance, or any of them respectively, if this agreement had not been made," etc.

William E. Mason, solicitor for appellee, signed the stipulation on behalf of the complainants. The stipulation was made out of court and was not filed in the cause, but was made a part of appellant's answer to the motion hereafter mentioned. March 13, 1896, appellee, by A. B. Stratton, who became his solicitor in January, 1896, at which time Mason withdrew from the case, served a notice on complainant's solicitor, William E. Mason, and the solicitor for the defendant, that on Monday, March 16, 1896, he would, before his honor, Judge Gibbons, ask to have the stipulation permitting the payment of accrued and accruing assessments to Thomas Cratty extended, so as to permit William B. Smith to pay his assessments at the present term, and would read on the hearing of said motion the affidavits of William B. Smith and Augusta Smith, annexed to the notice. The notice and affidavits mentioned therein were filed March 16, 1896. No written motion was filed nor any pleading in support of the application, but only the notice and affidavits. The affidavits are as follows :

" William B. Smith, being first duly sworn, deposes and says, that at the time of the filing of the bill of complaint in this cause, he was a policy holder in the above named Mutual Reserve Fund Life Association of New York, and had been a policy holder therein continuously for about ten years prior thereto; that he had at all times met promptly the payment of assessments made upon him on account of said policy, and desired to continue to do so. Affiant further says that a few days after the filing of said bill of complaint, but before the time had expired for the payment of the October assessment (he being then in feeble health), affiant sent his wife, Augusta Smith, to the office of Mr. William E. Mason, the solicitor for the complainants in this cause, for the purpose of securing his professional services, to effect, if possible, a reduction of the burdensome assessments that were being made upon him under the said policy. Affiant further says that affiant's wife, upon her return,

informed him that said Mason had consented to represent
affiant in the above stated matter; that said Mason stated
that he would have affiant made a party complainant to the
said bill, and would arrange to have the stipulation which he
then had with Mr. Thomas Cratty, the solicitor for the defend-
ant in this cause, to the effect that pending a hearing of the
motion for an injunction no forfeiture of the policies of
complainants would be declared, extended so as to cover
affiant's policy. Affiant further says that the day prior to
the last day for the payment of the October assessment, he
again sent his wife to the office of Mr. Mason for the pur-
pose of learning whether he could safely rely on his policy
remaining in force if he did not pay the assessment then
due, and affiant says that his, affiant's wife, took with her
enough money to pay the assessment in case Mr. Mason
informed her that the payment of the said assessment was
necessary. Affiant further says that on her return, affiant's
wife informed him that Mr. Mason had said that he had had
affiant made a party complainant in the suit, and had had
the stipulation with Mr. Thomas Cratty extended so as to
cover affiant's policy; that affiant need not pay the assess-
ment then due; that the said stipulation would extend the
payment of said assessment and all subsequent assessments
pending the hearing of the motion for an injunction, and
that affiant need give the matter no further attention
until he heard further from said Mason. Affiant further
says that he is informed and believes that Mr. Mason did
have the said stipulation extended so as to cover affiant's
policy. Affiant further says that he is informed and
believes that Mr. Mason did have affiant made a party com-
plainant in the said suit, and did have the said stipulation
extended so as to cover affiant's policy. Affiant further
says that he is informed and believes, that on or about the
30th day of December, A. D. 1895, the motion for an injunc-
tion was heard and denied, and that on said day prior to
the entry of the order denying the motion for an injunction
a stipulation was entered into between Mr. Mason, repre-
senting the complainants, and Mr. Cratty, representing the

defendants, which, in terms, granted to the complainants ten days in which to pay the back assessments. Affiant further says that he received no notice from Mr. Mason or any one representing him, of the denial of the motion for an injunction, or the existence of the stipulation last mentioned, or its terms and conditions, until a few days ago the affiant's present solicitor learned the facts from an inspection of the records of this court, and from an interview with Messrs. Holmes and Sheldon, the gentlemen who now represent the complainants in this cause. Affiant further says that he has at all times been desirous of preventing a forfeiture of his said policy, and that on account of his advanced age and feeble condition of health it would be impossible for him to secure life insurance if his policy was permitted to lapse. Affiant further says that he has no property or means, and that unless said policy is continued in force, his family will be left penniless at his death.

W. B. SMITH.

Subscribed and sworn to before me this 16th day of March, A. D. 1896.

FRANK J. GAULTER,
Clerk."

"Augusta Smith, being first duly sworn, deposes and says that she is the wife of William B. Smith, one of the complainants in the above entitled cause; that shortly after the filing of the original bill in said cause, at the request of her husband she went to the office of Mr. William B. Mason, the solicitor for the complainants, and there had an interview with Mr. Mason in reference to his representing her husband in an effort to secure a reduction of the burdensome assessments which were then being made against her husband under his policy in the said Mutual Reserve Fund Life Association of New York. Affiant further says that Mr. Mason then informed her that he would arrange to have her husband made a party complainant in the above entitled suit, and that he would arrange to have the stipulation then in force with Mr. Thomas Cratty, which stipulation provided that the defendants would not declare a forfeiture of any

of the policies of any of the complainants pending the hearing upon the application for an injunction, extended to cover the policy of affiant's husband. Affiant then and there stated to Mr. Mason that her husband was in feeble health and was very anxious to avoid anything that would work a forfeiture of his policy. Affiant further says that the day before the last day upon which the payment of the October assessment should be made, affiant again went to the office of Mr. Mason, and there stated that she was prepared to pay the assessment then due, and would do so if he (Mr. Mason) recommended it. Affiant says that Mr. Mason then informed her that it would be entirely unnecessary for her to pay the assessment; that he had arranged to have the stipulation afore-mentioned extended to cover her husband's policy. Affiant says that Mr. Mason also then informed her that it would be unnecessary for herself or her husband to give the matter any further attention until they were called upon to do so by him; that the stipulation then in force would not only cover the October assessment, but all assessments made before the application for an injunction was decided, and that when it became necessary for her or her husband to take any further steps to protect his rights, that he (Mr. Mason) would advise them what to do. Affiant further says that she received no notice from Mr. Mason or any one representing him at or about the time of the order denying the motion for the temporary injunction, and that the first information she had upon the subject was secured within the last few days by her husband's present solicitor after an investigation of the records of this court.

AUGUSTA SMITH.

Subscribed and sworn to before me this thirteenth day of March, A. D. 1896. WILLIAM B. BRYAN,

Notary Public."

March 16, 1896, the parties appeared in court, and appellant, by its counsel, protested against the court hearing oral evidence on the application, for the reason that there was no written pleading, but merely an oral motion based on affidavits; but the judge said he would treat the motion

and affidavits as a proper petition, and would permit appellant's counsel to introduce any testimony he saw fit, or file any plea, if filed that day, and that the only testimony would be as to whether the health of appellee, who was seeking to be reinstated in the company, was any worse than when the bill was filed, and the court proceeded to hear oral evidence in support of the application. The court, April 15, 1893, rendered its decision, and April 23, 1893, a decree was entered to the effect that the policy of appellee was not forfeited, and that appellant should reinstate him in all his rights, upon payment by him of all assessments due up to the date of the decree, with legal interest, or upon tender of said amount, etc. Appellant, April 19, 1896, after the hearing of the evidence, filed what purports to be an answer to the affidavit of appellee, and April 30, 1896, filed an amended answer. In both answers all right of exception is reserved, and objection made that there is no pleading on the part of appellee. It is too thoroughly settled to admit of controversy that every decree in chancery in favor of a complainant must be based on a bill or petition as its foundation. Proofs without allegations are as insufficient to support a decree as allegations without proofs. Walters v. Defenbaugh et al., 90 Ill. 241, 244; Dinwiddie v. Bell et al., 95 Ib. 360, 366; Farrar v. Payne et al., 73 Ib. 82, 89; Morris v. Tillson et al., 81 Ib. 607.

The cases, too numerous for citation, holding that, to warrant a decree for the complainant, the allegations and proofs must correspond, sufficiently illustrate the necessity of a bill or petition containing proper allegations.

Neither of the affidavits filed in support of appellee's motion can be considered as a pleading. Neither prays any relief whatever. Appellee's counsel, in the notice of the motion to appellant's counsel, treated them merely as affidavits in support of the oral motion which he intended to make. The decree rendered is not even in accordance with the motion which appellee's counsel gave notice he would make, and which, presumably, he made. The notice was of a motion to have the stipulation extended; the decree assumes that appellee's membership had been forfeited for

non-payment of assessments, and purports to restore him to membership. The decree is not incidental to the main object or scope of the bill, and can not, therefore, rest on a mere motion.

The Supreme Court, in the opinion quoted, *supra*, say: "The stipulation and its provisions, and the duties and obligations of the parties, were distinct from the general subject of the litigation. Only the appellee and the appellant association were parties to the controversy." We fully concur with the court in this view, and consider it decisive that appellee's remedy, if any, was by bill, and not by mere motion. Appellant's counsel seems, originally, to have been of the same opinion, because, at the time of serving notice of the motion he also served on appellant's counsel a copy of a bill in which it was alleged, among other things, that appellee's policy had become forfeited, and praying for reinstatement, etc., which bill was not filed.

There being no proper pleading to support the decree, we deem it inexpedient to discuss the question whether, if there were such pleading, the evidence is sufficient to entitle appellee to relief against a forfeiture of his certificate of membership in the association.

The record shows that the bill of Elliott et al. v. appellant was dismissed April 19, 1897.

The decree will be reversed.