**Joseph Quigley, Appellant, v. Anna Quigley, Appellee.**

**Gen. No. 8,635.**

132

Heard in this court at the April term, 1932. Opinion filed October 17, 1932.

BURNETT M. CHIPERFIELD, CLAUDE E. CHIPERFIELD and ROBERT B. CHIPERFIELD, for appellant.

FREDERIC A. PERKINS, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This was a bill filed by appellant against appellee, in the circuit court of Fulton county, praying a divorce from appellee and appellee presented her answer and a cross-bill against appellant praying the same relief from appellant.

At the September, A. D. 1929, term of the circuit court of Fulton county, appellee presented her petition for temporary alimony subscribed and sworn to by her, and appellant also filed his sworn answer to

appellee's petition for temporary alimony during said September term. Further affidavits were filed and the cause continued from the September term, 1929, to the January term, A. D. 1930, and upon April 23, 1930, during said January term, the record shows the following proceedings had and taken:

"Now on this day comes Anna Quigley, the defendant in the original bill and the cross-complainant in the cross-bill, by her solicitors, and Joseph Quigley, complainant in the original bill and cross-defendant in the cross-bill, by his solicitors; and this cause coming on to be heard upon the petition of the said Anna Quigley for alimony *pendente lite* and other relief, and the Court having heard the evidence and the arguments of counsel for the respective parties, and being fully advised in the premises, DOTH ORDER, ADJUDGE AND DECREE that the said Joseph Quigley, complainant and cross-defendant, pay to the said Anna Quigley, defendant and cross-complainant, as and for alimony during the further pendency of this suit, the sum of Thirty-five Dollars ($35.00) on the first day of May, A. D. 1930, and the further sum of Thirty-five Dollars ($35.00) on the first day of each succeeding month; that said payments be made through the Clerk of this Court and by him transmitted to the said Anna Quigley."

The January term, 1930, of said court adjourned on said April 23, 1930, and thereafter, in the June term, 1930, of said court, the appellee on June 6, 1930, presented her petition as follows:

"That an order was entered on April 23, 1930, in said cause requiring complainant and cross-defendant to pay to her $35 per month, commencing on May 1, 1930, and a like sum monthly on the first day of each month thereafter; that although demanded, the said Joseph Quigley has neglected and refused to comply with said order; and prays that a rule be entered re-

quiring him to show cause why he should not be pun-
ished for contempt of court.''

Thereupon, an order was signed by the court re-
quiring appellant to show cause on June 11, 1930, at
the hour of 10 o'clock, a. m. ''why he has not complied
with said order.''

A notice was served upon said appellant to show
cause on said June 11 why he has not complied with
said order and why he should not be punished for con-
tempt, etc. Thereupon, appellant entered a motion in
said court as follows: ''And now comes the complain-
ant and cross-defendant, Joseph Quigley, and moves
the Court to set aside and vacate the rule of June 6th,
1930, upon him to be and appear before the Court on
the 11th day of June, A. D. 1930, at 10 o'clock a. m.,
and show cause why he should not be punished for
contempt of court for the following reason:

''Because the said rule was entered in said court
without any notice to this complainant and cross-de-
fendant and without any opportunity to appear and
resist the same.''

And upon June 11, 1930, the following entry was
made upon the judge's docket in said cause: ''June 11,
1930. Decree set aside. Def. given leave to plead to
petition by June 20, 1930.''

And thereupon the clerk of said court entered in
Volume 61 of the Chancery Record thereof at page 558
the following order: ''Now on this day into open court
come the parties to this cause and also come their
solicitors respectively.

''Whereupon now here in open court the Decree
heretofore entered herein is hereby set aside and va-
cated and the complainant is given leave by the Court
to plead to the Petition of the defendant by June 20th,
A. D. 1930.''

Thereafter, appellant presented and filed, by leave
of court, his further answer, under oath, to appellee's

said petition for temporary alimony on July 31, 1930, as follows: "July 31, 1930. Answer of Joseph Quigley filed in said cause as follows:

"AND NOW comes the said Joseph Quigley, complainant in the original bill of complaint and defendant in the cross-bill of complaint and respectfully shows to the Court that the said defendant in the original bill of complaint, Anna Quigley, has in her possession property belonging to this defendant in a greater sum than would amount to the sums ordered to be paid to the said Anna Quigley by this Court for temporary alimony and that she is entitled to receive nothing from this complainant at the present time by reason of the facts hereinabove stated." Answer verified.

Thereafter, no action of any kind was taken in said cause until four terms of court had passed, and appellee on November 6, 1931, filed her sworn denial to the matters set forth in appellant's answer of July 31, 1930.

Thereafter, the following proceedings were had in said cause, on November 21, 1931, as appears by the court record: "November 21, 1931. Motion to amend record in substance as follows:

"Moves to amend record in said cause by expunging from said record that portion set forth in Volume 61 of the Chancery Records of said Court at page 558, in words and figures as follows:

"Joseph Quigley
v.
Anna Quigley
No. 22504       Divorce

"Now this day into open Court comes the parties to this cause and also comes their solicitors respectively.

"Whereupon now here in open Court the decree heretofore entered herein is hereby set aside and vacated and complainant is given leave by the Court to

plead to the petition of the defendant by June 20th, A. D. 1930,''

for the following reasons:

That on October 7, 1929, Anna Quigley filed her petition for temporary alimony and on April 23, 1930, a decree for alimony *pendente lite* was entered requiring Joseph Quigley to pay said Anna Quigley as alimony during the further pendency of said suit $35 per month on May 1, 1930, and monthly thereafter; that on June 6, 1930, Anna Quigley filed a petition for a rule on Joseph Quigley to show cause why he should not be punished for contempt of court for failing to pay alimony as ordered;

That on June 6, 1930, an order was entered requiring Joseph Quigley to appear on June 11, 1930, and show cause why he should not be punished for contempt of court, and hearing on said petition was fixed for June 11, 1930.

Motion by Joseph Quigley entered on June 9, 1930, to set aside and vacate the rule entered on June 6, 1930; that on June 11, 1930, the following entries were made on the Judge's docket:

''June 11, 1930, Decree set aside—Def. given leave to plead to petition by June 20, 1930.''

And thereupon the following entry was made in the Chancery Record of said court in said cause:

''Joseph Quigley

v.

Anna Quigley

No. 22504      Divorce

''Now this day into open Court comes the parties to this cause and also come their solicitors respectively.

''Whereupon now here in open Court the decree heretofore entered herein is hereby set aside and vacated and complainant is given leave by the Court to plead to the petition of the defendant by June 20th, A. D. 1930.''

That said entry was made through the mistake and misprision of the clerk of said court; that no motion was before the court to set aside and vacate the decree for temporary alimony. The only motion made to the court was that the order of June 6, 1930, requiring said Joseph Quigley to show cause why he should not be punished for contempt be set aside.

That afterwards on July 31, 1930, the said Joseph Quigley filed his affidavit in support of his motion of June 9, 1930, stating that the said Anna Quigley was in the possession of property belonging to defendant in a greater sum than the amount ordered to be paid by him to her for temporary alimony, and that she is entitled to receive nothing at the present time by reason thereof.

That subsequently a hearing was had on November 12, 1931, on the petition of the said Anna Quigley that Joseph Quigley be required to show cause why he should not be punished for contempt, etc., that the entry made by the clerk is untrue and does not set forth the true facts concerning the order of the court; and that the record should be amended so as to show the true facts and that part of the record in Volume 61 at page 558 should be expunged.

The appellant appearing specially to the proceeding to amend the record, objected to the proceeding and moved to strike portions of the motion of appellee, and raised the question of jurisdiction on the part of the court to amend the record after the passing of the term; nevertheless, the motion of appellee was allowed and the decree entered on June 11, 1930, in the chancery record in Volume 61, at page 558, the former decree, was expunged and canceled of record.

There was a hearing in said cause before the court commencing November 6, 1931, of which certificate of evidence is incorporated in the record, and which includes the proceedings to expunge the record of the

decree entered June 11, 1930. At this hearing, the financial affairs of appellee and appellant were gone into fully and the court entered an order and decree on November 21, 1931, as follows: "Finding by court that complainant in original bill is in contempt of court for failure to pay alimony provided for by order thereon April 21, 1930, and ordering that defendant be committed to the County Jail at Fulton County until he pays the sum of $665 to the clerk of the court for use of the defendant in the original bill.

"Order for warrant of commitment to issue forthwith."

Appellant has appealed from said order and brings the record to this court for review. Appellant contends that there is no valid order or decree in the record requiring appellant to pay any sum as alimony, and that the order and decree of April 23, 1930, is of no force and effect for two reasons:

First, that it is supported by no proofs in the records, and that the various affidavits of appellee and appellant, supporting and opposing the petition for alimony, incorporated only in the clerk's chancery record, are not a part of the record and have no probative force and effect in this case. No testimony was heard upon the petition. The affidavits, copied in the record by the clerk, are not a part of the record and there were no proofs of any kind before the court or any other basis for the entry of the order for alimony of April 23, 1930. (*Lange v. Heyer*, 195 Ill. 420; *DuQuoin Water-Works Co. v. Parks*, 207 Ill. 46, 49; *Bellinger v. Barnes*, 223 Ill. 121, 124; *Williams v. DeRoo*, 316 Ill. 23.)

Presumptions which will aid a judgment at law do not exist in favor of decrees in chancery and the court will not presume that any evidence was given in the court below except such as appears by the recitals of the decree or is otherwise made to appear. (*Rogan v.*

*Eads,* 92 Ill. App. 157; *Farwell Co. v. Patterson,* 76 Ill. App. 601, and cases cited; *McIntosh v. Saunders,* 68 Ill. 128; *Baird v. Powers,* 131 Ill. 66; *Ryan v. Sanford,* 133 Ill. 291; *Jele v. Lemberger,* 163 Ill. 338.)

A party in whose favor relief is decreed in a chancery case must in some way preserve in the record the evidence or the facts justifying the decree, as no presumption will be indulged in that the evidence was sufficient for that purpose. (*Ohman v. Ohman,* 233 Ill. 632; *Van Meter v. Malchef,* 276 Ill. 451; *Akin v. Akin,* 268 Ill. 324; *Gengler v. Hooper,* 324 Ill. 47.)

Second: The court set aside said decree on June 11, 1930. On April 23, 1930, the court had entered a decree for temporary alimony, which was spread upon the records of the court.

On June 6, appellee had filed a petition in court, setting out the decree for temporary alimony, alleging repeated demands for payment, and praying a rule on appellant to show cause why he should not be held in contempt for the nonpayment of alimony, and the court issued a citation, a rule to show cause, citing appellant into court June 11 to show cause why he should not be held to be in contempt. This was not a decree and was not a final order of any kind. It was a mere citation. On June 9 appellant appeared in court and moved the court: "to set aside and vacate the rule of June 6, 1930, upon him to be and appear before the Court on the 11th day of June, A. D. 1930, at ten o'clock a. m. and show cause why he should not be punished for contempt of Court for the following reason: Because the said rule was entered in said Court without any notice to this complainant and cross-defendant and without any opportunity to appear and resist the same," and on June 11th, the court entered in its docket: "Decree set aside. Def. given leave to plead to petition by June 20, 1930." And on July 31, 1930, appellant pleaded to appellee's petition, matter herein-

before set out, not in answer to the rule to show cause, but matter and substance tending to show that appellant should not pay any temporary alimony at all, and here the matter stood for 16 months with no action having been taken at all until November 6, 1931, when appellee filed an additional affidavit in said cause, not as to the merits of the rule to show cause, but going to the merits of her petition for temporary alimony. Whatever was in the mind of the court, when the decree of June 11, 1930, was entered, vacating the former decree, it has been construed by all parties in its legal effect to have vacated the decree for temporary alimony entered April 23, 1930. To enter the decree of contempt in this case, appellee and the court have found it necessary to vacate the decree of June 11, 1930, and expunge the record of that decree, based upon an affidavit of appellee, incorporated in the record, and which the court refused to strike on motion of appellant. It is further to be noted that this decree was not vacated or expunged from the record until at the close of an extended hearing on the merits of appellee's petition as to her right to have any alimony, commenced on November 6, 1931, and ending on November 21, 1931, when the said decree of June 11, 1930, was expunged and at the same time appellant was found guilty of contempt. As to just what was gone into at this hearing it is of interest to note that when appellant, the first witness, was called to the stand, the court remarked: ''Let this witness testify to any matters prior to the entry of this order with reference to set off and it is all admitted subject to objection. It will take some time otherwise, to protect the record and then when I pass upon it I will pass upon the admissibility of this evidence. If it is admissible I will admit it and if it is not admissible I will not admit it. By Mr. Frederic A. Perkins: Then it is also understood that if we go into this matter we can go into the

question of the financial transactions in their marital life? By Mr. B. M. Chiperfield: I don't care what answer you make to it.''

And from that the parties proceeded to try the merits of appellee's contention that she was entitled to temporary alimony. All of the financial matters of their marital life were gone into, and the issue was squarely whether or not appellee was entitled to temporary alimony. No claim was made that appellant had paid the two months' alimony, according to the decree of April 23, 1930. No claim was made that appellant was able to make the payment. There never had been a trial on the merits of appellee's petition for temporary alimony before. Without going into the merits of appellant's proofs, it is plain he was entitled to a trial and it is hard to understand how or why he would waive a trial.

In appellant's motion of June 9, 1930, to set aside and vacate the rule of June 6, 1930, upon him to appear, he states the ground of his motion: ''Because the said rule was entered in said Court without any notice to this complainant and cross-defendant, and without any opportunity to appear and resist the same.'' If appellant had meant by that, merely no notice of the rule to show cause or citation, that is giving the language a strained construction, because appellant was not entitled to any notice of a rule to show cause. Such citations, upon a proper showing, issue as of course when based on a sufficient decree.

The rule to show cause recited the decree and order of April 23, 1930, requiring appellant to pay alimony at the rate of $35 a month, and it was evidently that order and rule, recited in the citation and entered on the last day of the January term, 1930, that appellant referred to and stated that it had been entered without notice and without any opportunity to appear and resist the same. And it does not militate against the

construction stated that the record recites that both parties and their counsel were in court on April 21st; that a hearing was had upon said petition and that appellee filed an extended affidavit and a letter of appellant's in regard to the subject matter, none of which are made a part of the record by a certificate of evidence, and that docket entries were made and a decree was signed April 23, the last day of the term. Inasmuch as the court on June 11, 1930, promptly set aside the decree of April 23, 1930, which it legally could have done, and in orderly manner should have done, for the want of proofs to support the decree, and the decree having been taken without notice, if such were the case, and the parties to the cause having, without the objection or exception of either, again tried the issues purporting to have been tried on April 21, 1930, we must presume that the court and all parties knew and understood just what decree was set aside by the order of June 11, 1930. The court and all parties having recognized that the decree of June 11, 1930, was of binding force to vacate the decree of April 23, 1930, unless set aside, it is not necessary for this court to go back of that situation. The principal question in this case is the legality of the expunging of the order and decree of June 11, 1930, by the decree of November 21, 1931.

Upon the proofs being heard, commencing November 6, 1931, between appellee and appellant as to the merits of appellee's petition, praying for temporary alimony, appellee, on November 21, 1931, moved to "amend the record in said cause and by expunging from said record that portion set forth in Volume 61 of the chancery records of said court at page 558 thereof," and specially reciting the record as heretofore set out. Accompanying said motion, appellee presented an affidavit attempting to recite the proceedings, as had and taken in connection with said decree

and the prior proceedings, of which there was no certificate of evidence. Appellant, appearing specially, moved to strike various allegations in said affidavit from the files. This motion the court denied. There was presented to the court and there was before the court, no other memorial, docket, entry, or memoranda, except the proceedings recited in this opinion, and the said affidavit of appellee, and no expression or action of the clerk of the court. Nevertheless, the court found and decreed "That said entry was made through the mistake and misprision of the Clerk of said Court"; etc. and expunged the order, and thereupon ordered the appellant committed for contempt.

The verification of appellee's petition for temporary alimony and the supplemental affidavit of April 22, 1930, and the affidavits of November 6, 1931, being made upon information and belief were insufficient. (*Chicago Exhibition Co. v. Illinois State Board of Agriculture,* 77 Ill. App. 339, 340; *Hovnanian v. Bedessern,* 63 Ill. App. 353; *Stirlen v. Neustadt,* 50 Ill. App. 378; *Brabrook Tailoring Co. v. Belding Bros. & Co.,* 40 Ill. App. 326.)

As to expunging the record of the decree of June 11, 1930, the law is well settled that a court is powerless to amend its final judgment and thereby correct judicial errors after the term at which it was rendered. It may, however, thereafter, upon notice to parties in interest, by order entered *nunc pro tunc,* amend or correct such judgment, when, by reason of a clerical misprision, it does not speak the truth. (Freeman on Judgments, ch. 4; *Church v. English,* 81 Ill. 442; *Becker v. Sauter,* 89 Ill. 596; *Tucker v. Hamilton,* 108 Ill. 464; *Knefel v. People,* 187 Ill. 212, 215.)

The judgments and decrees of courts cannot rest in parol or upon so uncertain a foundation as the personal recollections of the judge or any other person, and the fact that a judgment was rendered at a former

term cannot be determined from the memory of the witnesses or the personal recollections of the judge himself. Where there is no minute or memorial paper in the records of the court to show that judgment was in fact pronounced, it cannot be so entered. (*Chicago, B. & Q. R. Co. v. Wingler,* 165 Ill. 634, 635, citing *Coughran v. Gutcheus,* 18 Ill. 390; *Dougherty v. People,* 118 Ill. 160; *Ayer v. City of Chicago,* 149 Ill. 262; *Chicago, M. & St. P. Ry. Co. v. Walsh,* 150 Ill. 607; *Tynan v. Weinhard,* 153 Ill. 598; *Brown v. Hamsmith,* 247 Ill. App. 358, 364.)

Amendments should be made from the memoranda of the court, or from the pleadings and record, not from the memory of witnesses testifying *ex parte.*

Ordinarily these errors and mistakes are apparent from the minutes of the judge, other entries of the same record, or the pleadings and files in the cause; and, in such case, there being something to amend by, courts will not hesitate to make such amendments as will advance justice and sustain the rights of parties. But where there is nothing to amend by, and the court is compelled to learn from the memory of witnesses what its judgment, in fact, was, it may well be doubted whether, upon motion and *ex parte* proof, however strong and contradicting the record, an amendment can be made conforming the record of the judgment to such proof. *Coughran v. Gutcheus,* 18 Ill. 390, 391, 392, 393.

An amendment to a bill of exceptions after the term cannot be made when based only on the judge's recollection or on *ex parte* affidavits or testimony. It can only be made where there is some memorandum, minute or note of the judge or something appearing on the records or files of the court to show the facts justifying the amendment. (*Coughran v. Gutcheus,* 18 Ill. 390; *Wallahan v. People,* 40 Ill. 102; *Goodrich v. City of Minonk,* 62 Ill. 121; *Heinsen v. Lamb,* 117 Ill. 549;

*People v. Anthony,* 129 Ill. 218; *Chicago, M. & St. P. Ry. Co. v. Walsh,* 150 Ill. 607; *Dryer v. People,* 188 Ill. 40.) The bill of exceptions shows that there was no lawful basis for the amendment of the record as it contains nothing required by the rule, and the judge certifies that it contains all of the court files, records, memoranda and documents inspected. The record must be taken as originally written, and the question is whether the judgment must be reversed on account of the fact that the bill of exceptions differs from the record by showing that John Brautigam signed the verdict while Charles H. Bingamon was the juror sworn. (*People v. Kuhn,* 291 Ill. 154, 161.)

Testimony of counsel on a former hearing as to what took place orally before the trial judge, offered for the purpose of explaining an order, is properly excluded where there is nothing unintelligible in the order. (*Bell v. Browne,* 210 Ill. App. 350.)

The court erred in not striking out the allegations of fact and statements set out in appellee's affidavit presented with the motion to expunge from the record. The court erred in expunging from the record, the record of the decree of June 11, 1930. The court further erred in trying the cause in November, 1931, solely upon the merits of appellee's petition for temporary alimony, and at the conclusion of that trial, expunging the record of the decree of June 11, 1930, and at once finding the appellant guilty of contempt, based on the order of April 23, 1930. The court should first have made a new finding upon appellee's petition for temporary alimony and entered a decree. The court erred in finding that appellant was in arrears in the sum of $665 and committing him for contempt until the amount in arrears was paid, with costs, when the petition under which appellee contends he was being tried alleged appellant was in arrears only the sum of $70. (*Mutual Reserve Fund Life Ass'n v. Smith,* 77

Ill. App. 259; *Higgins v. Higgins*, 219 Ill. 146; *Lewis v. Lewis*, 316 Ill. 447.)

The principle contended for by appellee in this case, that ''The rule is of universal force that the order or judgment of a court having jurisdiction is to be obeyed, no matter how clearly it may be erroneous. (*People v. Sturtevant*, 5 Seld. 263; *Sullivan v. Judah*, 4 Paige 444; *Fennings v. Humphrey*, 4 Beav. 1; *Chuck v. Cremer*, 2 Phill. ch. 112; *Richards v. West*, 2 Green's ch. 456, 2 Barb. Ch. 274.) This has often been held in reference to disobedience to injunctions, as in the cases above, and the principles which govern cases of contempt for a violation of an injunction order are applicable here,'' citing *Tolman v. Jones*, 114 Ill. 147, is no doubt the correct rule, but we hold in this case that the record does not show that there was any rule or decree of any kind in said cause, requiring appellant to pay temporary alimony, and to hold otherwise would be to hold that the hearing and proofs submitted upon November 6, 1931, were in the nature of a ''trap,'' to draw appellant into a hearing and trial upon a fictitious issue that had no bearing upon the case.

We have given no consideration to the proofs or issue made upon the hearing of November 6, 1931, as to the merits of appellee's petition for temporary alimony.

For the reasons stated, the decree and order of the circuit court of Fulton county of November 21, 1931, expunging from the records certain proceedings and holding appellant in contempt is reversed.

*Reversed.*