PAUL F. KNEFEL

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 19, 1900.*

1. AMENDMENTS—*power of court to amend criminal record after nolle prosequi.* A clerical error in the record of a criminal case, showing that the motion for a new trial was overruled when it was in fact allowed, may be amended at a subsequent term to speak the truth, where the accused, after a *nolle prosequi*, seeks to use such record in his favor upon second indictment for the same offense.

2. SAME—*court may consider clerk's minutes in matter of allowing an amendment of record.* Upon motion to amend the record of a criminal case at a subsequent term, the court may examine the minute book, journal and docket of the clerk and hear the evidence of witnesses explanatory of the method in which the same were kept and the record written up therefrom.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

At the March term, 1897, of the criminal court of Cook county, an indictment for larceny was returned by the grand jury of said county against plaintiff in error, said indictment being docketed as case No. 46,575. Plaintiff

in error entered a plea of not guilty, and a trial was had thereon by a jury at the May term, 1897, of said court, the Hon. John Barton Payne, judge, presiding. The jury found the plaintiff in error guilty and fixed his punishment at imprisonment in the penitentiary. On May 22, 1897, the plaintiff in error entered a motion for a new trial, whereupon the following order was entered of record:

"*The People of the State of Illinois* ⎱
                    v.                        ⎰
          *Paul F. Knefel.*

"This day came the People, by Charles S. Deneen, State's attorney, and the said defendant, as well as in his own proper person as by his counsel, comes; and the court hearing counsel in support of said motion as well as in opposition thereto, and being now fully advised in the premises, doth overrule the said motion, and orders that said motion for a new trial be and the same is hereby overruled accordingly."

On June 9, 1897, the plaintiff in error was released upon his own recognizance. Upon September 27, 1899, an order of *nolle prosequi* of said indictment was entered on the motion of the State's attorney. The plaintiff in error was re-indicted by the grand jury of said county for the same offense, said indictment being docketed as case No. 47,485. On the 29th day of September, 1899, on the trial of said indictment in the criminal court of said county, the Hon. Frank Baker, judge, presiding, as a part of his defense plaintiff in error sought to introduce in evidence the record in case No. 46,575. Counsel for the People objected to the introduction thereof on the ground that the same did not speak the truth, and then and there moved the court that the record therein be amended so as to show that said motion for a new trial had been allowed. The court, from an inspection of the minute book, journal, docket and record in said case, and from the oral testimony of witnesses sworn and examined in open court as to the identity thereof and the manner in which the same were kept, allowed said motion and ordered that the record be amended so as to show that said motion

for a new trial had been allowed, which said order was as follows:

STATE OF ILLINOIS, ⎰ *ss.*          *"Friday, September 29, 1899.*
 County of Cook.  ⎱

"*The People of the State of Illinois* v. *Paul F. Knefel.*—General No. 46,575.

"This matter coming on further to be heard on the motion of State's attorney, C. S. Deneen, to amend the record herein, the defendant being present in court and appearing by Joseph B. David, his attorney, and it appearing to the court, on inspection of the clerk's minutes and the clerk's journal of the orders of this court, that on May 22, 1897, at the May term thereof, an order was entered herein sustaining the motion of the defendant for a new trial, and it further appearing that by clerical error said order was spread upon the records so as to read that said motion was overruled: Now it is hereby ordered that said record be amended *nunc pro tunc* as of May 22, 1897, so as to read that said motion for a new trial herein was sustained, and that said order read as follows:

"'46,575.—*The People of the State of Illinois* v. *Paul F. Knefel.*—This day comes the said People, by Charles S. Deneen, State's attorney, and the said defendant, as well in his own proper person as by his counsel, also comes; and the court hearing counsel in support of the motion as well as in opposition thereto, and being fully advised in the premises, doth sustain said motion, and orders that the said defendant do have a new trial in this cause.'"

DAVID, SMULSKI & McGAFFEY, for plaintiff in error.

E. C. AKIN, Attorney General, (CHARLES S. DENEEN, State's Attorney, and A. C. BARNES, of counsel,) for the People.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a writ of error sued out of this court to the criminal court of Cook county, for the purpose of reviewing the action of that court in the case of *The People of the State of Illinois* v. *Paul F. Knefel,* No. 46,575, in entering an order in said cause on the 29th day of September, 1899, amending the record in said cause *nunc pro tunc* as of

May 22, 1897, so as to make the same show that the order entered in said cause on said last named day for a new trial was sustained and not overruled.

"The power of courts, whether of law or equity, to make entries of judgment or decrees *nunc pro tunc* in proper cases and in furtherance of the interests of justice, is one which has been recognized and exercised from ancient times and as a part of their common law jurisdiction. This power, therefore, does not depend upon statute—it is inherent. It rests partly upon the right and duty of the courts to do entire justice to every suitor, and partly upon their control over their own records and authority to make them speak the truth." 1 Black on Judgments, sec. 126.

The law is well settled that a court is powerless to amend its final judgment and thereby correct judicial errors after the term at which it was rendered. It may, however, thereafter, upon notice to parties in interest, by order entered *nunc pro tunc*, amend or correct such judgment, when, by reason of a clerical misprision, it does not speak the truth. Freeman on Judgments, chap. 4; *Church* v. *English*, 81 Ill. 442; *Becker* v. *Sauter*, 89 id. 596; *Tucker* v. *Hamilton*, 108 id. 464.

The plaintiff in error contends that under the law of this State no power exists in a criminal case to amend the record for a misprision of the clerk of the court except during the term of the court at which the same is made. We cannot accede to this proposition. In the case of *Kennedy* v. *People*, 44 Ill. 283, the clerk, in writing the record showing the return of the indictment into court, made a mistake in the title of the offense with which the defendant was charged. The court say: "If such a mistake was made the court below has the power to permit the record to be amended upon a proper application by the People." In *Phillips* v. *People*, 88 Ill. 160, the record showed a plea of not guilty, when, as a matter of fact, no such plea had been entered. A trial and conviction

upon such record were had and the judgment was set aside because of the want, as a matter of fact, of such plea. The court below, on motion of the State's attorney, at a subsequent term ordered the record amended by striking out the plea of not guilty. In *Gore* v. *People*, 162 Ill. 259, a similar motion was granted and an amendment *nunc pro tunc* allowed in the court below at a subsequent term after the return of the indictment and after the suggestion of a diminution of the record in this court. These cases clearly establish that a clerical error in the record may be corrected at a term subsequent to the term when the same is made, in a criminal case.

It is next insisted that even though the court has power to allow the record to be amended or corrected, such correction cannot be made after the term from the memoranda of the court's orders made in the clerk's minutes at the time. That such correction may be made after the expiration of the term already appears by the decisions heretofore referred to. The language used by the court in these cases seems sufficiently general to include memoranda of the transactions or minutes of the clerk made at the time, under the direction and in the presence of the court. In the case of *Gore* v. *People, supra*, the court say: "The record may also be amended whenever there is any memorandum or record by which to amend." In *May* v. *People*, 92 Ill. 343, this court, in approving of the amendment, quoted from 1 Bishop on Criminal Procedure, (sec. 1160,) which reads: "Neither, it has been held, can the clerk, at a subsequent term, make an entry of what truly transpired at the preceding term. But this refers to the power of the clerk proceeding of his own motion. The court may order *nunc pro tunc* entries, as they are called, made to supply some omission in the entry of what was done at the preceding term; yet this is a power the extent of which is limited and not easily defined. In general, mere clerical errors may be amended in this way." In *Church* v. *English*, 81 Ill. 442, the court said: "Whether

it is a misprision of the clerk or a malfeasance, the court has power at all times, upon notice given, to reform its records so as to make them speak the truth.  \* \* \*  No reason suggests itself why such amendments may not be made at any time, so long as anything definite and certain remains to amend by." It was therefore competent for the court to examine the minute book, journal and docket of the clerk of the criminal court, and hear the evidence of witnesses explanatory of the method in which the same were kept and the record written up therefrom, in passing upon the motion to correct the order of May 22, 1897.

It is next insisted by plaintiff in error that the court had no power to correct said record after a *nolle prosequi.* We do not see how such order in any way limited the power of the court to make its record speak the truth. The plaintiff in error sought to make use, in the case on trial, of the record of a prior proceeding in said court as evidence in his favor. It was then brought to the attention of the court that such record did not speak the truth by reason of the clerical error or misprision of the clerk. It was manifestly proper for the court to amend its record by correcting the clerical error or misprision of the clerk complained of, so as to state the proceedings had before that time in said cause truthfully, even though the case had been *nollied.* The plaintiff in error and his attorney were present in court at the time the motion was made and the amendment allowed, participated in the argument and cross-examined the witnesses produced on the hearing thereof, and plaintiff in error is bound by the action of the court thereon.

We find no substantial error in this record. The judgment of the criminal court of Cook county is therefore affirmed.                        *Judgment affirmed.*