### Bridget Murphy v. Charles McMahon, Administrator.
#### Gen. No. 13,015.

1. Amendment—*when may be made after term of entry of order*. Where a memorial exists showing that the order as recorded was not the order directed by the court, an amendment may be made after the lapse of the term of entry to make the order speak the truth.

2. Administration Act—*section 81 construed*. The dismissal of one citation under this section of the Administration Act does not preclude the issuance of a subsequent one.

Appeal from amendment of order dismissing citation. Appeal from the Circuit Court of Cook county; the Hon. Thomas G. Windes, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed February 7, 1907.

McMahon & Cheney, for appellant.

Robert J. Frank and Gail E. Deming, for appellees.

Mr. Justice Adams delivered the opinion of the court.

The appellant, Bridget Murphy, appealed to the Circuit Court from the following order of the Probate Court of Cook county, entered November 22, 1900:

"This cause coming on to be heard on further hearing on citation to Bridget Murphy et al., concerning the assets of said estate, and it appearing to the court from the testimony adduced that no assets to said estate in excess of the assets accounted for by the administrator of said estate have been discovered on said hearing, it is ordered said citation be and the same is hereby dismissed."

Appellant appealed from this order to the Circuit Court, the cause was submitted to that court without a jury, and the court, January 6, 1900, entered an order amending the order of the Probate Court of November 22, 1900, as of that date, by adding to it the words "without prejudice," from which order of amendment this appeal is. The original citation which

the Probate Court dismissed by the order of November 22, 1900, was put in evidence on the trial in the Circuit Court, and by the order of that court has been transmitted here for our inspection, and is before us. The citation purports to be issued on the petition of Charles McMahon, administrator of the estate of Bridget Lynch, deceased, and cites Bridget Murphy and others to appear before the Probate Court. Indorsed on the petition are certain abbreviations, namely: "Nov. 22, Cit. dis. with prej." All these are plainly legible, except the letters "with," which are, however, decipherable. Francis M. Sullivan, called by appellee, testified that November 22, 1900, he was the minute clerk of the Probate Court, and that the indorsed abbreviations above mentioned were "Nov. 22, Cit. Dis. with prej.," and that their meaning is, "November 22nd, citation dismissed without prejudice;" that his custom was to make notes of an order on the original instrument, on the petition or citation, and on the court's dictation, when no part of the order was presented to the court, and that he makes the notations as dictated by the court, and extends them on the minutes afterwards; that he made the indorsement above mentioned "at the dictation of the court," and that, in writing up the order, he omitted the words, "without prejudice."

Counsel for appellant contend that all of the foregoing evidence is incompetent and inadmissible for the purpose of amending the order of November 22, 1900.

We are of opinion that the evidence was properly admitted, and that the court had jurisdiction to amend the order after the term at which it was entered, for the misprision of the clerk, in omitting the words, "without prejudice," and by reference to the minutes of the clerk, made by the direction of the court, at the time when the order was made. Such minutes, made by the direction of the court, may well be considered

the minutes of the court. Knefiel v. The People, 187 Ill. 212. In that case the court say: "The law is well settled that a court is powerless to amend its final judgment and thereby correct judicial errors after the term at which it was rendered. It may, however, thereafter, upon notice to parties in interest, by order entered *nunc pro tunc*, amend or correct such judgment, when, by reason of a clerical misprision, it does not speak the truth. Freeman on Judgments, chap. 4; Church v. English, 81 Ill. 442; Becker v. Sauter, 89 Id. 596; Tucker v. Hamilton, 108 Id. 464." The court further say, in the case cited: "It was therefore competent for the court to examine the minute book, journal and docket of the clerk of the Criminal Court, and hear the evidence of witnesses explanatory of the method in which the same were kept, and the record written up therefrom, in passing upon the motion to correct the order of May 22, 1897."

It was not error to admit in evidence the original citation and the abbreviations indorsed thereon, or to permit Sullivan, who wrote the abbreviations, to testify as to what they stood for. We are somewhat at a loss to understand why it was deemed important to amend the order of November 22, 1900, by adding the words "without prejudice." The citation dismissed by the order was issued under section 81 of the act in regard to the administration of estates, and we have no doubt that, notwithstanding the dismissal of one citation, the court may lawfully issue another, under section 81, and the order dismissing the first citation, without any saving words, is no bar to the issuance of a subsequent citation.

The judgment will be affirmed.

*Affirmed.*