In re BRYANT.

(District Court, M. D. Pennsylvania.   July 7, 1911.)

No. 1,575.

1. BANKRUPTCY (§ 236*)—EXAMINATION OF BANKRUPT—EFFECT OF ADJOURNMENT—FURTHER EXAMINATION.

   Under Bankr. Act July 1, 1898, c. 541, § 7 (9), 30 Stat. 548 (U. S. Comp. St. 1901, p. 3425), providing that a bankrupt, when present at the first meeting of his creditors and at such other times as the court shall order, will submit to an examination, and under section 21a, providing that a court of bankruptcy may require any designated person, including the bankrupt and his wife, to be examined, it is intended to require the bankrupt to submit freely to examination, and applications may be granted at any time before final disposition of the case, and the fact that an adjournment was at an examination was without day does not prevent granting of an application for further examination.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 236.*]

2. BANKRUPTCY (§ 235*)—EXAMINATION OF BANKRUPT—FORM OF APPLICATION.

   The application of a trustee to be allowed an examination of a bankrupt to ascertain whether he had made a full disclosure of assets need not set forth the nature and character of the testimony intended to be adduced.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 235.*]

In the matter of Jonas B. Bryant, bankrupt. On exceptions to order of referee allowing further examination of the bankrupt. Exceptions overruled, and order affirmed.

Abram Salsburg, for bankrupt.
Wm. S. McLean, for trustee.

WITMER, District Judge. The proceedings in this case arose upon an application of the trustee to be allowed to have an examination of the bankrupt to ascertain whether he had made a full disclosure of his assets. It appears that the first meeting of creditors was held February 7, 1911, which the bankrupt did not attend. The hearing was adjourned to February 15th, and again to the 17th, and again to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

May 23d, when the bankrupt appeared and was examined. No other witnesses were examined, and the adjournment was without a day. On June 19th the trustee presented a petition to the referee. alleging that "certain assets belonging to the bankrupt had been concealed and not included in the schedules filed by the bankrupt, and that for the purpose of recovering the same it will be necessary to examine the bankrupt, his wife," and certain other witnesses named, requesting an order to that effect. The bankrupt demurred to the petition of the trustee, and assigns for reasons that, when the bankrupt was examined, "no request having been made for his further examination, or any other witnesses, the meeting adjourned" without a day for such further examination; "that the petition, being in the nature of a request to turn over alleged concealed assets, fails to disclose what assets, if any, are concealed, the cause of such belief, or any facts which justify the taking of testimony." The referee having overruled the demurrer of the bankrupt and granted the order, to which the latter excepted, the matter was certified for review.

[1] The right to examine the bankrupt fully and whenever it appears necessary is very essential to the due administration of the law. The right of examination of the bankrupt has come down to us with the bankrupt law from the early English practice. It is provided for in the law under which we operate, first in section 7 (9) of the act, as follows:

"The bankrupt when present at the first meeting of his creditors. and at such other times as the court shall order, shall submit to an examination concerning the conducting of his business, the cause of his bankruptcy, his dealings with his creditors and other persons, the amount, kind, and whereabouts of his property, and in addition all matters which may affect the administration and settlement of his estate."

The intent of the subdivision seems to be that creditors may have an examination of the bankrupt at any time during the pendency of the proceedings. If it should be argued that the bankrupt, having been examined as provided, without adjournment, could not again be called for further examination under this provision, to which we by no means assent, the other and further provision of the act affords the remedy in section 21a, to wit:

"A court of bankruptcy may, upon application of any officer, bankrupt, or creditor, by order require any designated person, including the bankrupt and his wife, to appear in court or before a referee or the judge of any state court, to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration under this act."

Collier says that:

"Where the first meetings are kept alive by continuances, as is customary, his examination can be had or resumed so long as the meeting lasts. If the meeting had been adjourned, an examination can, under section 7 (9), still be had at such times as the court shall order, or it can be required under section 21a."

That it is the intention of the law to require a bankrupt to submit freely to examination concerning his estate is very apparent. Applications may be granted at any time before final disposition of the estate, in the exercise of a sound discretion of the judge or his referee.

Surely the bankrupt should not be unnecessarily harassed, vexed, or annoyed; but where it appears that the creditors may be benefited by further examination, or for any other good reason appearing, the order should be allowed. The vigorous and skillful use of examinations of insolvent bankrupts is often the only means by which creditors are enabled to prevent the bankruptcy act being turned into a shield for dishonesty. If hardship and inconvenience results from such examination, as it sometimes may, it should be remembered that a discharge of the bankrupt from his debts is a great privilege and a prize that will reward the honest debtor amply for such inconvenience.

[2] Nor was the trustee required to set forth the nature and character of the testimony in detail intended to be adduced. The very purpose of an examination under section 21a is to discover property of the bankrupt, or to learn of its whereabouts, and as to the acts of the bankrupt with respect thereto. Such an examination is in its very nature an investigation intended to satisfy the minds of the suspicious, whose judgment, it is true, is frequently not well founded, by which the honest debtor has all to gain.

It does not appear that the discretion vested in the referee has not been soundly exercised in the granting of the order; hence the exceptions are overruled, and the order of the referee is affirmed.