In re Estate of Anton Jirovec, Deceased.
Antonie Schwab, Administratrix of the Estate of Anton Jirovec, Deceased, Appellee, v. Bohumil J. Kvidera, Appellant.

Gen. No. 38,625.

500

Opinion filed May 26, 1936.

GEORGE J. HOLEK and THEODORE A. SPENCE, both of Chicago, for appellant; JOHN A. CERVENKA, JR., of Chicago, of counsel.

RICHARD E. DOOLEY and GEORGE STEDRONSKY, both of Chicago, for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

Antonie Schwab, administratrix of the estate of Anton Jirovek, deceased, filed a petition for a citation in the probate court charging Bohumil J. Kvidera, the respondent, with possession of certain securities belonging to the estate, which he had refused to turn over to the petitioner as part of the assets of the estate. Respondent filed an answer and a hearing was had in the probate court resulting in an order, entered on March 14, 1935, finding the issues in favor of petitioner and directing respondent to turn over the securities in question. From this order respondent appealed to the circuit court, where a trial *de novo* was

had without a jury, and the order of the probate court was affirmed. Respondent appeals.

The essential facts disclose that Anton Jirovec died, intestate, on June 28, 1934, at the age of 84 years, and left him surviving three children, Mary Keclik, James Jirovec and Antonie Schwab. Mary Keclik, one of the surviving children, is the mother of respondent. Jirovec's wife predeceased him in September, 1922. Respondent, whose father died before he was born, was brought up in the home of his grandparents, with whom he lived until he was eight years of age. Jirovec was quite fond of "Bob," as he called the respondent, and referred to him as "his boy." Ten days after the death of his wife Jirovec and respondent went to the American Safety Deposit Co. for the purpose of engaging a box in its vault. An application card was prepared and signed by both parties, bearing date September 23, 1922. On the face of the card appeared the names of Anton Jirovec and Bohumil J. Kvidera, as corenters, their residence, business and other information pertaining to their ancestry, birth place, residence and date of birth. It also bears the signature of the corenters, and contains a receipt for the rental "paid for safety deposit box No. 1805, *which is leased by us,* subject to all the rules and regulations of said bank as endorsed on said receipt." On the face of the card appears the following: "Either or the survivor," which was stamped thereon by one Lillian Sokol, a clerk in the vault, who testified that she rented the box to Jirovec and respondent and affixed the stamp at the time the application was made for rental of the box in the presence of both parties, and at their request. On the back of the card appeared the names of the corenters and a notation of the fees paid for rental of the safety deposit box on various dates between December, 1922, and 1933.

It is conceded that ever since the renting of the box all the contents placed therein, which consisted mainly of real estate bonds of various denominations, were the sole property of deceased, and that respondent never placed or deposited any of the securities in the box which were found there after decedent's death. During Jirovec's lifetime he frequently visited the box, withdrew securities, replaced them with others, and handled the same as his sole property. Kvidera had access to the box as a corenter, but never exercised any acts of ownership over the contents thereof.

Respondent takes the position that the card, signed by both parties and bearing the words "either or the survivor," constitutes the agreement of the parties and sufficiently indicates an expressed intention in writing, as contemplated by the statute, to create a joint tenancy in the contents of the safety deposit box, with the right of survivorship, so that upon the death of Jirovec respondent, as the survivor, became the owner of the securities contained in the box. Cahill's Ill. Rev. St. 1933, ch. 76, secs. 1 and 2, read as follows:

"Sec. 1. Estates in joint tenancy—Presumption of tenancy in common—Survivorship. That no estate in joint tenancy in any lands, tenements or hereditaments shall be held or claimed under any grant, devise or conveyance whatsoever heretofore or hereafter made, . . . unless the premises therein mentioned shall expressly be thereby declared to pass not in tenancy in common but in joint tenancy; . . . ."

"Sec. 2. Abolition of survivorship rights. . . . Except . . . where by will or other instrument in writing expressing an intention to create a joint tenancy in personal property with the right of survivorship, the right or incident of survivorship as between joint tenants or owners of personal property is hereby abol-

ished, and all such joint tenancies or ownerships shall, to all intents and purposes, be deemed tenancies in common. . . . ''

Respondent relies on several Illinois decisions and cases in other jurisdictions to support his contention. *In re Peterson's Estate,* 239 Mich. 452, is stated as being ''more squarely in point with the instant case than any we have read.'' The court was there called upon to give effect to the words, ''either or the survivor,'' used in connection with the rental of a safety deposit box. The box had been rented by the deceased in the name of himself and wife and the contents of the box were, as evidenced by the bank records, to be surrendered accordingly. The key to the box was taken to his home by deceased and placed for safe-keeping in the bedroom where he and his wife both had access thereto. Upon objection made to the final account of the administratrix, who claimed that the widow had failed to account for certain bonds, the ownership of the securities was questioned, and the court held that ''the bench law of this State does not forbid 'the creation of the right of survivorship in personalty where it is created by the express act of the parties,' '' and that ''the statute nowhere forbids it,'' citing *Lober v. Dorgan,* 215 Mich. 62. It is argued that the only act creating the right of survivorship in the *Peterson* case was the rental of the box by deceased in his name and that of his wife, ''either or the survivor,'' according to the records of the bank. From the reported opinion in the case we find the following additional facts not cited in respondent's brief:

''Mr. Peterson recognized his state of health, and declared his purpose in this transaction, as shown by the testimony of the cashier of the bank:

'' 'He wished to have it so she could have access to it, in case he couldn't; but in the meantime, as long

as he was taking care of the—able to take care of the business, that she very seldom got over to do any business, and she would probably not use it. . . . He said that she would not be active in the affairs of that box probably, as long as he was able to, but in case something happened to him, sickness or death, he wished the contents of that box to be hers.'

". . . Mr. Peterson deposited the bonds in the names of himself and wife. He directed the depositary to surrender them either to himself or his wife, or the survivor of them. He placed the key in their bedroom to the knowledge of both of them. He or his wife at any time might have withdrawn the bonds. He did all that he could to carry out his intention. He intended to give to her a present interest in the bonds equal to his own, and, in the event of his death, which he must have anticipated, to give her the entire fund. He parted with dominion over the property to the full extent permitted by a transaction of this character. There was delivery."

The parol evidence of the bank cashier, which was evidently competent under the laws of Michigan, clearly indicates the intention of Peterson to create in the contents of the safety deposit box a joint ownership of the bonds deposited therein, with the right of survivorship in his wife. He made this arrangement in 1920, when, as appears from the court's opinion, he was ill with diabetes, which, progressing, resulted in his death in 1923, and knowing the serious nature of his illness, he deposited the bonds in this manner as a protection to his wife. The intention to create a joint tenancy in that case is clearly indicated by the circumstances, and the court merely held that neither the bench nor statutory law of Michigan forbade the creation of the right of survivorship in personalty where it was created by the express act of the parties.

Another case cited by respondent is *Graham v. Barnes,* 259 Mass. 534, where there was a specific

written agreement that the right of access or control to the contents of a safety deposit box should not pass to the legal representatives of deceased, but should remain exclusively in the survivor or survivors. The court there indicated that "all the evidence, both oral and documentary, is before us," and relied on the agreement of the parties entering into "an arrangement in writing with the bank to deposit the bonds in their joint names." No such situation is presented in the instant case.

*Reder v. Reder,* 312 Ill. 209, involved a gift *inter vivos,* relating solely to a joint bank deposit, and parol evidence was admitted to prove the gift. It was there contended that original and subsequent deposits and an agreement made between Peter Reder and his wife created a joint tenancy with a right of survivorship, but the court held that the question "is of no importance whatever. The joint right of ownership, with the right of both or either, or the survivor, to withdraw the deposit was the subject of contract. Any question of joint tenancy or tenancy in common is entirely outside the issue. The question to be determined is whether the contract is valid."

In *New Jersey Title Guarantee & Trust Co. v. Archibald,* 91 N. J. Eq. 82, there was a written agreement providing that the bank account and all the moneys to be credited to it belonged to the parties as joint tenants and was to be the absolute property of the survivor, with the privilege of either to withdraw any part thereof during his lifetime. That case has no bearing on the question here under discussion.

In *Erwin v. Felter,* 283 Ill. 36, a controversy arose as to the ownership of four certificates of deposit issued by the State Bank of Jerseyville, which Martha D. Erwin claimed as her individual property as against the estate of Emily C. Rusk. The certificates were the same except as to the dates and amounts thereof, and recited that Emily C. Rusk had deposited in the bank

money payable to the order of herself or Mrs. Martha D. Erwin, or the survivor of either. Upon the deposit of these certificates the bank executed receipts acknowledging deposit of the various sums involved and reciting that "said certificate of deposit is payable to Mrs. Emily C. Rusk or Martha D. Erwin, or the survivor, and in the event of the death of Emily C. Rusk before the death of Martha D. Erwin the State Bank of Jerseyville is authorized by Emily C. Rusk to pay the amount due on said certificate of deposit to Martha D. Erwin." It appears from the opinion that the money represented by the certificates belonged to Mrs. Rusk. The court held that the form of the certificates indicated an intention to create a joint tenancy in the money and that joint tenancy was not confined to real estate but may exist in personal property as well. The opinion in that case was filed in 1918, and while it appears that the statutory provision allowing joint tenancy in personal property was not in effect at the time, the court in a later decision (*Illinois Trust & Savings Bank v. Van Vlack,* 310 Ill. 185) justified the conclusion reached in *Erwin v. Felter,* upon the ground that, aside from the statute, the right of survivorship became effective by reason of the contractual expression of the parties.

Subsequent to the decision in *Erwin v. Felter,* the legislature in 1919 enacted the present statute relating to joint tenancy in personal property, and the transaction in *Illinois Trust & Savings Bank v. Van Vlack* is discussed within the contemplation and provisions of the statute. A bill of interpleader was there filed to determine the ownership in a bank account under a written contract wherein two persons agreed with the bank that the deposit should be owned by them jointly or severally, and that the amount of the deposit withdrawn at the death of one should be payable to and be the property of the survivor. The court

discussed *Erwin v. Felter,* called attention to the fact that the statute was regarded as not applicable to the contracts involved in that case, and after citing and considering various other cases, including *Chippendale v. North Adams Savings Bank,* 222 Mass. 499; *Wisner v. Wisner,* 82 W. Va. 9; *New Jersey Title Guarantee & T. Co. v. Archibald,* 91 N. J. Eq. 82, and other decisions, said that "if *Erwin v. Felter, supra,* was decided right, the decree of the circuit court in this case was not wrong." It concluded by holding that the right of survivorship in personal property, where by will or other instrument in writing an intention is expressed to create a joint tenancy, comes within the provisions of the statute and is valid.

In neither *Erwin v. Felter* nor the *Van Vlack* case was the question of joint tenancy or the right of survivorship in the contents of a safety deposit box discussed or considered. The court simply held in the first case that the parties had created the right of survivorship by their express written agreement, and in the second case that the statute was clearly followed in the expressed written intention of the parties to create a joint tenancy in the bank account in question.

After a careful consideration of the authorities and the circumstances involved in the instant proceeding, we have concluded that the card bearing the words "either or the survivor," which is admitted to have been the sole contract of the parties, is not such an instrument in writing as can be construed to express an intention to create a joint tenancy in the securities found in the safety deposit box following Jirovec's death. We think that under the circumstances of this case it was at best only a rental arrangement, and the words "either or the survivor," placed upon the card at the direction of the parties, were intended to merely authorize the bank to allow access to the box to both Jirovec and respondent, and to protect the bank in

allowing respondent to withdraw securities. The right of survivorship, which is and always has been the principal and distinguishing incident of joint tenancies, has several times been the subject of legislation in this State. Joint tenancies have been looked upon with disfavor, and the courts, regarding the right of survivorship in personal property as productive of injustice because it makes no provision for posterity, will carefully scrutinize the circumstances for evidence of a clearly expressed intention to create a joint tenancy under the statute, where one exists. There is nothing in this proceeding, aside from the rental of a box by two parties, to sustain the contention that a joint tenancy, with a right of survivorship, was created or that Jirovec, who was admittedly the sole owner of all the securities contained in the safety box, intended to create a joint tenancy with respondent. It has been frequently pointed out that there are four essential characteristics of a joint tenancy: (1) unity of interest; (2) unity of title; (3) unity of time; and (4) unity of possession. Most, if not all, of these elements are lacking in the instant case, and we hold, therefore, that the circuit court properly directed respondent to turn over the securities to petitioner as administratrix of the estate.

The judgment of the circuit court is affirmed.

*Affirmed.*

SCANLAN, P. J., and SULLIVAN, J., concur.