Eugene F. Schwaan, Jr., Executor of Estate of Eugene F. Schwaan, Deceased, Appellant, v. Ida Schwaan, Appellee.

Gen. No. 42,558.

288

Opinion filed September 27, 1943.

BELL, BOYD & MARSHALL, of Chicago, for appellant; VICTOR M. HARDING, JR., of Chicago, of counsel.

HERSHENSON & HERSHENSON, of Chicago, for appellee; JAMES B. McKEON, of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Eugene F. Schwaan, a resident of Chicago, died testate September 16, 1939. His son, Eugene F., Jr., was named executor of the will and accepted. Letters issued to him December 1, 1939. The decedent left him surviving his widow, Ida, who was his third wife, and three children born to him by his first wife. The will was executed in 1936. It bequeathed his personal estate to the three children, share and share alike, adding, ''But I give to my wife, Ida, her legal share thereof.''

February 8, 1940, the executor filed a petition and notice ''to discover assets,'' naming the widow as respondent. Hearings were held at which she and others testified. January 28, 1941, an order was entered by the probate court dismissing the petition of the executor. No appeal was taken.

February 11, 1942, a second petition ''for citation to recover property and discover information'' was filed by the executor. It set up the filing of the first petition on February 8, 1940, and the order dismissing it. It prayed respondent Ida answer; that she be required to turn over to the executor $4,800, either with interest from March 8, 1939, or the income and profits derived by her from this sum of money since that date. It prayed other and further relief.

Respondent answered denying the right of the executor to the relief prayed on the merits and as further defense set up the proceedings on the petition of February 8, 1940. She averred that all the matters alleged in the last petition were inquired into on the first and there adjudged. She prayed an order so finding be entered and she discharged.

March 10, 1942, the probate court entered an order denying the prayer of the executor's petition for citation. The executor appealed to the superior court, where the matter was heard *de novo*. June 29, 1942, the executor made a motion for a finding in his favor, or in the alternative for a new trial. An order was entered reciting the former citation in the probate court and holding that the order entered by that court January 28, 1941, dismissing the petition of the executor, was an adjudication and "a complete bar at law to the maintenance of this proceeding." The order further found that Ida Schwaan had no property or assets of the deceased in her possession and that she had good title to the property claimed by the executor. From that order the executor appeals.

The first question for decision is whether the previous citation is a bar to this proceeding. There is no doubt evidence was taken on the first citation material to this controversy between the parties. The jurisdiction of the probate court in a matter of this kind is purely statutory. Ill. Rev. Stat. 1941, ch. 3, sec. 335 [Jones Ill. Stats. Ann. 110.432]. The primary purpose of the statute is undoubtedly to confer jurisdiction on the probate court to compel discovery in cases of this kind. To that end the statute provides for a proceeding summary in its nature and informal, and in a proceeding purely of that nature the power of the court may be exercised repeatedly with reference to the same subject matter. In a proceeding merely for discovery there can be no adjudication

for the reason that there is no issue to be tried on which a formal and final judgment may be determined and entered. The Supreme Court in *Blair v. Sennott*, 134 Ill. 78, said:

"The proceeding may be repeatedly instituted against the same party."

In *Murphy v. McMahon*, 131 Ill. App. 384 at 386, the Appellate Court said:

"We have no doubt that, notwithstanding the dismissal of one citation, the court may lawfully issue another, . . . and the order dismissing the first citation, without any saving words, is no bar to the issuance of a subsequent citation."

This seems to be the general rule under similar statutes. It has been so held under section 21a of the national Bankruptcy Act, 11 USCA, sec. 44(a), where the proceeding is a general inquiry; Remington on Bankruptcy, 4th Ed., sec. 1997. The author states, " . . . it is an investigation, not a trial." It has been so held in numerous well considered cases. *In re Bryant*, 188 Fed. 530 (D. C. Pa.); *In re Mellen*, 97 Fed. 326 (D. C. N. Y.); *In re Eastern Utilities Investing Corp.*, 23 F. Supp. 719, 723, aff'd 98 F. (2d) 620 (C. C. A. 3).

The respondent says, however, that the Illinois decisions were prior to the enactment of the amendment of 1925 to sections 81 and 82 of the Administration Act, when the probate court was without jurisdiction to try and determine questions of title; that such right and jurisdiction exists since the amendment, and that since the probate court now has the power to determine these matters fully the decisions are no longer controlling. We do not doubt this. It devolves upon the party who would introduce a prior adjudication as a defense to a second trial of the same issue to show affirmatively that the issue

was tried by a court having jurisdiction, and that it was between the same parties and was finally determined. There is no proof here establishing any such determination of the issue with respect to the ownership of the property here involved. The first citation did not pray anything more than a discovery and the order dismissing the citation does not show that any matter had been determined upon the merits. This petition, on the other hand, prays such an adjudication, and the issues here were tried out. Such, we understand, would be the rule applicable to proceedings under the statute as it now exists. Thus in *Keshner v. Keshner*, 376 Ill. 354, the Supreme Court said:

"Those sections of the Administration act which are referred to above are intended to provide a comprehensive and summary means for the discovery and recovery of assets, or of their value if they have been converted. The proceeding is purely statutory and is neither at law nor in equity. It bears the equitable aspects of a bill of discovery, while at the same time providing for an optional jury as at law on demand of the parties, where questions arise concerning claims of adverse title or interest, and this provision is valid. . . . The proceeding may be merely for the purpose of obtaining information with no adversary aspects, or it may develop into an out and out suit for the recovery of money."

To the same effect is *Hire v. Hrudicka*, 379 Ill. 201. While the right of the probate court to try out under the statute as it now exists the title to property claimed adversely has been sustained in many cases (see *Johnson v. Nelson*, 341 Ill. 119; *Bates v. Lutz*, 220 Ill. App. 54; *Rone v. Robinson*, 188 Ill. App. 438; *People ex rel. Deane v. Fort Dearborn Trust & Savings Bank*, 232 Ill. App. 109) in neither of these cases nor any other case construing this statute that has

been called to our attention has it been held that a party who uses the statute for the purpose of discovery has cast upon it the duty of making up and trying out the issue with reference to the matter in controversy, in such a way as to cause a final determination of it to be made. To do so would make its use as a means of discovery, for which it is primarily intended, precarious indeed. We hold that there is no proof in this case sufficient to sustain the defense that the issue as to the ownership of the property here in question was determined in the prior proceeding.

It may well be that the rights of the administrator and the respondent might have been adjudicated in the former proceeding but the record fails to show that there was judgment between them. It is for the party pleading to prove his allegations by evidence. This record, we hold, fails to establish such proof.

This makes it necessary that we discuss the merits of the charges made in this second petition as disclosed by the evidence. It appears that the deceased died testate on or about September 16, 1939 and Eugene Schwaan, Jr., who was named as executor in the will, afterwards duly qualified and has continued to act as such. The only personal property coming to the hands of the executor was the balance of a checking account in The First National Bank of Chicago, amounting to $926. This executor, on February 8, 1940, filed his petition above referred to as the second petition, in which he asked that a citation issue against the respondent, Ida Schwaan, for her appearance to answer certain inquiries and particularly asked that she be required to deliver and turn over to the petitioner, as executor, the sum of $4,800 said to be withheld by her, together with any income or profits or interest, and also the further sum of $1,800 said to be withheld by her, also with income or interest.

The answer of respondent denies that she has retained or has in her possession any moneys or property belonging to the estate. The issues presented by the pleadings resolve themselves into whether the two funds, one of $4,800 and the other of $1,800, are the property of the estate or of the respondent, Ida Schwaan. The deceased, Eugene F. Schwaan, Sr., at the date of his death and prior thereto had a safety deposit box with the National Safety Deposit Company in the First National Bank Building in Chicago. To this box the respondent, Ida Schwaan, his wife, also had access. There is some detail of testimony as to visits made to this box but it appears without dispute that the respondent, Ida Schwaan, removed from the box and had in her possession at the time of the death of Eugene F. Schwaan, Sr. the amount of $4,800 and the other sum of $1,800 which had been on deposit in an account claimed by respondent to be held in joint tenancy by her and the deceased and that said sum of $1,800 had been drawn out of said account on November 6, 1939 by Ida Schwaan and not turned over to the estate. This box had been visited on April 18, 1938 by the deceased, his son, now the executor of his estate, his daughter Gertrude and two others. The testimony shows that at that time there was in the box an envelope containing $4,800 in $100 bills and also other sums amounting to $5,380. The sum of $5,380.00 was then taken out and deposited in a savings account in the name of the deceased. Later, this account was changed to the joint names of the deceased and Ida Schwaan. The envelope containing the $4,800 was returned to the box. Afterwards this sum was taken from the box by the respondent and was not turned over to the estate.

We have not felt it necessary to review the testimony at much length because most of the facts as disclosed by the evidence are not in serious dispute. With regard to the savings account in the sum of

$5,380, the brief of the appellant contains the following statement: "We do not contend that the executor is entitled to receive back the sum of $5,380.00 which Mr. Schwaan changed from an individual to a joint savings account. . . ."

This leaves in dispute only the sum of $4,800 in cash and proceeds of savings account of $1,800. It must be remembered that the claim of the respondent to the ownership of these two amounts is not made on the theory that they were gifts from her husband but that the sums were at all times her property and not the property of the deceased. Complaint is made that she was allowed to testify as to oral conversations with the deceased. As shown by the evidence, the conversations admitted would only have been of importance as tending to show a gift and, even though improperly admitted, could not have changed the finding of the court as to ownership.

The petitioner asserted the conversion of these amounts by the respondent, Ida Schwaan. Upon this, the petitioner had the burden of proving the ownership of these funds. This proof he wholly failed to make. The only testimony as to ownership was that of the respondent and there was neither testimony directly denying her statements as to ownership nor circumstances shown that would establish ownership in the deceased. She testified that the $4,800 was the proceeds she received from the sale of her home before her marriage. The brief of appellant makes the claim that the savings account containing the $1,800 sum was not a joint account and cites the cases of *In re Estate of Jirovec*, 285 Ill. App. 499 and *Hamilton v. First State Bank of Willow Hill*, 254 Ill. App. 55 in support of this claim. The facts in neither of these cases can be applied to the matter before us. No evidence was produced here that could be said to even tend to deny the ownership of these sums as asserted by Ida Schwaan. The joint account in which

the $1,800 was on deposit in form showed joint owner-ship. There is no showing that any complaint was made that the bank wrongfully paid the amount to her.

The witnesses appeared before the judge of the probate court and also before the trial judge in the superior court. Both had opportunity to observe their demeanor upon the witness stand and to consider all the facts and circumstances as brought out by the evidence. The decision of a trial judge upon matters of fact cannot lightly be set aside. The record shows that the judge of the superior court specifically found that the $1,800 account in The First National Bank was held in joint tenancy and also that the $4,800 amount was owned by the respondent, Ida Schwaan. Because of these findings, which we believe were correctly made, we are of the opinion that the order of the superior court dismissing the petition of the executor should be sustained.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*

O'CONNOR, P. J., and NIEMEYER, J., concur.