ERIC E. BRODY, M.D., Petitioner-Appellee, *v.* SUSAN HESS, a/k/a Susan Brody, Respondent-Appellant.

First District (4th Division)    No. 79-52

Opinion filed August 16, 1979.—Rehearing denied September 24, 1979.

Howard Joseph, of Chicago, for appellant.

Lord, Bissell and Brook, of Chicago, for appellee.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

On July 16, 1974, a judgment of divorce was entered after a prove-up at which the petitioner, Eric E. Brody, testified. No appearance was filed for the respondent, Susan Hess, formerly known as Susan Brody. On March 1, 1978, Brody filed a petition to reform the judgment of divorce to provide that all claims for alimony by both parties were barred. On November 2, 1978, the judgment was amended in accordance with the petition. Hess appeals from that ruling.

The transcript of the prove-up on June 11, 1974, shows that the parties were married in March 1969 and separated in October 1972. Brody testified that there was an oral agreement settling all property rights. The

terms of the agreement were stated and the court asked questions about the division of the property. There was very little property. In response to a question from the court the attorney for Brody stated that neither party desired alimony. The court asked if there should be a joint waiver of alimony and counsel responded affirmatively. At the conclusion of the prove-up the court stated that there would be a judgment of divorce and that there had been a division of property and that the parties had agreed to a joint waiver of alimony.

The judgment of divorce entered on July 16, 1974, reflected the fact that the parties had agreed between themselves to settle all questions of property and that the agreement was fair and equitable. However, it contained no statement with reference to alimony.

On September 25, 1978, the court conducted a hearing on the petition to modify the judgment. Hess testified that she consulted an attorney who had told her that he would represent her. She was under the impression that if she did not sign an alimony waiver she would be able to return at a future time to obtain alimony. She never told her attorney that she would waive alimony. She saw the judgment of divorce but did not see the transcript of the hearing. Brody testified that he told Hess that he had strong feelings against paying alimony and would give anything that was reasonable outside of alimony. He stated that Hess agreed and that there would be no further pursuit of alimony at any time. The attorney for Brody testified that the attorney for Hess stated that Hess was not seeking alimony. Hess' attorney stated that although he did not file an appearance for her in the divorce proceeding, he did advise her. He stated he had no recollection of a conversation regarding alimony.

■■ The court has the inherent power to enter an order *nunc pro tunc* at anytime to correct a clerical error or a matter of form. This may be done even after the expiration of the term in which the judgment was entered. (*In re Estate of Young* (1953), 414 Ill. 525, 112 N.E.2d 113; *Knefel v. People* (1900), 187 Ill. 212, 58 N.E. 388.) "The law is well settled that a court is powerless to amend its final judgment and thereby correct judicial errors after the term at which it was rendered. It may, however, thereafter, upon notice to parties in interest, by order entered *nunc pro tunc*, amend or correct such judgment, when, by reason of clerical misprision, it does not speak the truth." (*Knefel v. People* (1900), 187 Ill. 212, 215, 58 N.E. 388.) The judge's minutes on his docket have always been held sufficient to authorize an entry of a judgment *nunc pro tunc* at a subsequent term. *In re Estate of Young*, at 534.

■■ The clerical error is apparent. The transcript of the 1974 prove-up shows that the court specifically found that there had been a division of

property and the parties had agreed to a joint waiver of alimony. That waiver, however, was not incorporated into the divorce judgment. The transcript of the prove-up on June 11, 1974, was sufficient authority to authorize the entry of a judgment *nunc pro tunc* on the issue of alimony.

Hess contends, however, that her attorney had no authority to give up her right to alimony without her express consent or authorization. That assertion presumes that the finding of the waiver of alimony was on the basis of a representation by her attorney that alimony was waived. The only suggestion that her attorney consented to a waiver of alimony is Brody's attorney's statement that he did so. Hess' attorney did not confirm that statement and it was not so represented to the court. The substantial evidence on the issue of a waiver of alimony comes from Brody. He testified that after this relatively short-term marriage the parties had made an oral agreement which settled all questions of property rights. The court made specific inquiry into the settlement. The court had a right to conclude after the hearing that in fact alimony was jointly waived and the court made that express finding at the time of the prove-up. A finding of fact of the trial court will not be set aside unless it is contrary to the manifest weight of the evidence. (*Kenny Construction Co. v. Metropolitan Sanitary District* (1971), 52 Ill. 2d 187, 196, 288 N.E.2d 1.) The finding of the trial court was fully supported by the evidence.

■ We believe that there was a clerical error in the rendition of the judgment on July 16, 1974, and that the transcript of the proceedings at the prove-up was sufficient to authorize the entry of the judgment *nunc pro tunc*. The finding of the trial court that there had been a waiver of alimony was supported by the evidence at the prove-up.

Affirmed.

JOHNSON and LINN, JJ., concur.