*In re* MARRIAGE OF JENNIE BOROWCZYK, Petitioner-Appellant, and PAUL BOROWCZYK, Respondent-Appellee.—(DONALD A. CARR, Respondent-Appellee; SHARI LYNN BOROWCZYK *et al.*, Minors, Appellants.)

First District (3rd Division) No. 79-271

Opinion filed October 24, 1979.

Ayrie Moore, of Chicago, for appellant.

Donald A. Carr, of Carr & O'Rourke Associates, of Chicago, for appellees.

Camille De Frank, of Juvenile Protective Association, of Chicago, for appellants Shari Lynn Borowczyk *et al.*

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This appeal arises out of certain post-decree proceedings which resulted in the trial court's denial of petitioner's petition to modify respondent's right of visitation under section 607 of the Illinois Marriage and Dissolution of Marriage Act. Ill. Rev. Stat. 1977, ch. 40, par. 607.

Petitioner appeals from those portions of the order dealing with attorneys' fees and costs. She appeals from the denial of her petition for attorney's fees and from the allowance of respondent's attorney's petition for fees under section 508 of the Act. The parties' minor children, through their appointed counsel, join petitioner in appealing those portions of the order relating to section 508 fees. Petitioner also appeals from that portion of the order denying her fees and costs under Supreme Court Rule 219(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 219(b)) for respondent's refusal to admit certain facts. (Petitioner has not appealed the court's denial of her petition to terminate respondent's visitation rights.)

Petitioner and respondent were divorced in 1975. Petitioner was granted custody of the parties' two minor daughters, one born on December 10, 1968, and the other on November 7, 1969. Respondent was granted reasonable rights of visitation.

On August 1, 1977, while the children were on a vacation visit with respondent, respondent's present wife notified petitioner that the 7-year-old girl had a heavy vaginal discharge. Petitioner brought the child home and, on the following day, took her to Dr. S. J. Karras. He examined the child and found her to have gonorrhea. Dr. Karras directed petitioner to take the child to Loyola University Medical Center because it had a child-abuse team. At Loyola, the diagnosis of gonorrhea was confirmed by Dr. Mary Holland. On August 3, 1977, Dr. Holland filed a suspected child-abuse report with the Illinois Department of Children and Family Services.

On November 15, 1977, petitioner requested the court to terminate respondent's right of visitation. She based the request on the diagnosis of gonorrhea and the heavy vaginal discharge while the child was in respondent's home. She requested psychiatric examinations for respondent and herself and for the children. Petitioner also asked that counsel be appointed for the children. The court ordered supervised visitations for respondent pending a final disposition of the petition, and it appointed counsel for the children. The children were seen by Dr. Harasym, a child psychiatrist, and for several months the children

attended play therapy at Loyola. During this entire period, neither child would discuss anything having to do with the younger child's infection.

In September 1978, the court conducted a hearing on the petition to terminate respondent's visitation. All parties agree that the following medical testimony was introduced: Both doctors testified the younger child was infected with gonorrhea. Additionally, Dr. Holland had examined both children. The children's hymens were stretched, but there were no bruises in the vaginal area. In Dr. Holland's opinion, the stretching of the hymens was caused by sexual contact and, in view of all the circumstances, the sexual contact occurred with a male person known to the children. Dr. Harasym and a psychiatrist appointed by the court testified that it would be traumatic to the children, no matter what had transpired, if the visits with respondent suddenly halted. At the conclusion of the hearing, the court ruled that petitioner "failed to establish by evidence the required proof to grant the relief prayed for * * *." The court thereupon denied the petition to terminate respondent's visitation rights. The court allowed 20 days for the filing of the petitions for attorney's fees.

Petitioner thereafter filed a petition for fees and costs. She supported her petition with an affidavit which stated that she was unemployed and that her only income was $70 per week child support. She also stated that other than a 1957 automobile, her clothing and furnishings, she had no other property. The affidavit recited that respondent was a butcher and that his present wife was also employed. (Another pleading on file disclosed that respondent's salary was at least $12,000 a year.) The balance of the petition concerned itself with the amount of time and costs expended by petitioner's attorney.

Respondent's attorney filed a response to the petition. He admitted that the petitioner was unemployed and that respondent was employed as a butcher. He urged, however, that petitioner's petition be denied because she had precipitated the entire proceeding without cause. Additionally, respondent's attorney filed a petition asking that petitioner be ordered to pay his fees. As we have noted, the trial court, under section 508 of the Act, granted respondent's attorney fees from petitioner and denied petitioner's request for fees.

Section 508 of the Act reads as follows:

"§508. Attorney's Fees.

(a) The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either spouse to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees necessarily incurred by the other spouse, which award shall be made in connection with the following:

(1) The maintenance or defense of any proceeding under this Act.

(2) The enforcement or modification of any order or judgment under this Act.

(3) The defense of an appeal of any order or judgment under this Act, including the defense of appeals of post-judgment orders.

(4) The maintenance or defense of a petition brought under Section 72 of the Civil Practice Act seeking relief from a final order or judgment under this Act.

(5) The costs and legal services of an attorney rendered in preparation of the commencement of the proceeding brought under this Act.

(b) The Court may order that the award of attorney's fees and costs hereunder be paid directly to the attorney, who may enforce such order in his name, or that they be paid to the relevant party. Judgment may be entered and execution levied accordingly." Ill. Rev. Stat. 1977, ch. 40, par. 508.

Petitioner and the children contend that the trial court erred in ordering her to pay fees to respondent's attorney and that the court erred in denying her petition for attorney's fees.

The allowance of attorney's fees in a divorce proceeding is not automatic but depends upon the showing that one of the parties is financially unable to pay the fees and that the opposing party does have such ability. (*Kaufman v. Kaufman* (1974), 22 Ill. App. 3d 1045, 318 N.E.2d 282; *Gold v. Gold* (1974), 17 Ill. App. 3d 11, 308 N.E.2d 75.) In *Pearson v. Pearson* (1976), 42 Ill. App. 3d 522, 526, 356 N.E.2d 993, while discussing the award of attorney's fees, this court stated: "[T]he trial court's discretion in this regard is a qualified one, subject to certain conditions * * * [and] that is, the inability of the petitioning spouse to pay and the relative greater ability of the other spouse to pay such fee."

■■ In the present case, the pleadings disclose certain undisputed facts. Petitioner is unemployed and owns no property other than her clothing, household furnishings, and an old automobile. Petitioner's mother permits her to live in a rent-free apartment, and petitioner's only income is the weekly child-support award she receives from respondent. On the other hand, respondent is employed as a butcher and has a salary of at least $12,000 per year. His present wife is also employed. Respondent at no time made any showing to the trial court of his inability to pay attorney's fees. He never submitted any pleadings or affidavits setting forth his income or expenses, nor did he deny any of petitioner's statements regarding his earnings. There was no basis in fact for the trial court's

holding that petitioner pay fees to respondent's attorney. Conversely, the only facts elicited revealed that petitioner was unable to pay her attorney's fees and that respondent was in a superior position financially. The trial court abused its discretion in denying the petitioner's petition for fees and in ordering petitioner to pay fees to respondent's attorney.

■■ Respondent argues that the trial court was justified in its actions as to fees under section 508 since petitioner acted without a factual basis in seeking to terminate his visitation rights and that she brought the allegations in bad faith. We do not agree. Petitioner was informed of her child's symptoms by respondent's present wife. Two doctors diagnosed the child as being infected with gonorrhea. There was evidence that both children had sexual contact with a male known to them. Petitioner was informed of the younger child's condition while the children were on vacation in respondent's household. If petitioner had not sought the assistance of the court under such circumstances, her fitness to have custody of the children would be open to question. The trial court did not find that the proceedings were brought in bad faith or as harassment; it merely held that the evidence was insufficient to terminate respondent's visitation rights. Indeed, respondent's attorney's petition for fees was based on section 508, and not on section 610(c) of the Act which authorizes the court to assess fees and costs against a party seeking a modification if it finds the action is vexatious and constitutes harassment. We do not believe allowance of attorney's fees under section 508 is based on the outcome of the proceedings. Where a custodial modification is sought for the welfare of the children and not for the convenience of the parties, attorney's fees will be allowed. (*Horwitz v. Horwitz* (1970), 130 Ill. App. 2d 424, 264 N.E.2d 723.) In the present case, it is clear that petitioner filed her petition to terminate or modify visitation in order to protect her children's welfare.

In sum, petitioner demonstrated her inability to pay fees and costs, showed that respondent was financially able, and proved she acted in the best interest of the children in instituting the post-decree proceedings. The trial court erred in denying her petition for fees and in granting respondent's attorney's petition for fees under section 508 of the Act.

In view of our holding, it is unnecessary for us to consider the contention advanced by counsel for the children that the trial court's holding as to fees under section 508 deprived the children of their right to due process.

Petitioner also contends that the trial court abused its discretion in denying her request for fees under Supreme Court Rule 219(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 219(b)) for failure of respondent to admit certain facts. Prior to the hearing, she requested admissions that Dr. Karras and

the laboratory utilized by him had diagnosed the child as having gonorrhea; that Loyola had made the same diagnosis; and that the copies of the hospital records tendered with the requests for admission were true and correct.

Counsel for the children filed an answer admitting the requested facts. Respondent filed an answer in which he stated that as to the first request he had no knowledge that Group Exhibit A constituted a report from the laboratory or from Dr. Karras; that the majority of the documents attached were illegible; and that the copies did not contain a diagnosis of gonorrhea. Respondent denied the second request on the ground that the diagnosis, as reflected by the reports, was made by nonprofessional and unqualified individuals. As to the third request, respondent stated that Group Exhibit B appeared to be copies of medical records of Loyola, but denied that the documents confirmed the diagnosis.

■■ ■ We believe that the trial court properly denied petitioner's request for fees and costs for respondent's failure to admit the foregoing facts. It appears that the qualified answers given by respondent were made in good faith. Where facts requested to be admitted are properly admitted or denied with a qualified answer, costs and fees will not be assessed against the party who refused to admit. (*First Trust & Savings Bank v. Town of Ganeer* (1938), 296 Ill. App. 541, 16 N.E.2d 806.) In addition to the need of qualifying the answers to the requests, respondent's counsel at the hearing vigorously cross-examined the medical witnesses as to their findings. In view of the nature of the charge against respondent and in view of the result obtained in the trial court, we cannot say that respondent acted in bad faith in refusing to admit the facts sought.

For the reasons stated, the order of the circuit court of Cook County denying fees and costs under Supreme Court Rule 219(b) is affirmed. The order which mandated petitioner to pay fees to respondent's attorney under section 508 is reversed. The order denying fees and costs to petitioner under section 508 is reversed, and that part of the matter is remanded for a hearing and a determination by the trial court of the amount of fees and costs to be awarded to petitioner.

Affirmed in part; reversed in part; and reversed and remanded in part.

SIMON, P. J., and RIZZI, J., concur.