*In re* MARRIAGE OF ANNIE STEWART, Petitioner-Appellee, and HAMP STEWART, Respondent-Appellant.

First District (3rd Division)   No. 79-92

Opinion filed December 31, 1979.

L. T. Beauchamp, of Chicago, for appellant.

Emanuel Gordon, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

With this appeal we address the perplexing issue of the award of attorney's fees in actions to dissolve marriages. Other issues are raised, but

only the trial court's award of $250 in attorney's fees to Annie Stewart must be reversed.

The underlying facts are not complex. On March 10, 1978, a trial was held on Annie Stewart's petition for dissolution of her marriage to Hamp Stewart, before Judge Robert Cusack. After hearing testimony, Judge Cusack stated that he would enter a dissolution order once the attorney for Mrs. Stewart prepared it. On April 11, 1978, the parties returned to court, this time before Judge Reuben J. Liffshin, for trial of the remaining issues. It was drawn to the attention of Judge Liffshin that no formal dissolution order had been signed in the case. Judge Liffshin sent the order prepared by Mrs. Stewart's counsel to Judge Cusack, who promptly signed it and sent it back to Judge Liffshin.

Trial then followed. Counsel for each party attempted to explain the property holdings of Mr. and Mrs. Stewart. Noting that the amount of property to be divided did not exceed $6,000, the trial judge asked if the parties were willing to settle. Each said that they were not. Trying to avoid the taking of testimony, the trial judge then asked the parties if they were willing to stipulate to the facts as disclosed at the hearing on the dissolution of the marriage. Except for a stipulation that Mr. Stewart was entitled to a death benefit from a pension fund, the parties were unable to agree on a simple statement of the facts. Judge Liffshin therefore asked to hear the testimony of the parties.

The testimony revealed that the parties had been married in 1954. Each was employed at various times during the marriage; during the later years of marriage they each earned approximately $120 per week. In 1970, the Stewarts bought a house in Chicago for $36,500. The Stewarts were joint tenants with Mr. and Mrs. Cleveland Moore; the Stewarts occupied the lower part of the house and the Moores lived in the upper half. Mr. Stewart put up $1000, Mrs. Stewart put up $1700 and the Moores put up $1700 of the purchase price. The mortgage payments were divided equally between the Moores and the Stewarts. Until December 1976, Mr. and Mrs. Stewart divided their share equally, but after that date Mrs. Stewart alone contributed to the mortgage payments. After the parties separated, Mrs. Stewart moved upstairs to live with the Moores, who were her son and daughter-in-law. At the time of trial, $28,600 remained to be paid on the mortgage.

The trial court awarded Mr. Stewart's interest in the house plus his $1500 death benefit in the pension fund to Mrs. Stewart. No maintenance was ordered. The trial judge said that he had considered everything Mr. Stewart had testified to as well as the value of Mrs. Stewart's services as a housewife. He found that the award was equitable considering her contribution to the 24-year marriage. Stating that the matter never should

have come to trial, the court ordered $250 in attorney's fees to Mrs. Stewart.

■■ Mr. Stewart now appeals. First, he argues that Judge Liffshin demonstrated prejudice against him by having the formal order of dissolution signed by Judge Cusack. Counsel for Mr. Stewart did not object when Judge Liffshin proposed sending the order to Judge Cusack. It was proper for Judge Cusack to sign the order of April 11 *nunc pro tunc*, since Judge Cusack had heard the evidence, and signing the draft order was a matter of form. (*Brody v. Hess* (1979), 75 Ill. App. 3d 402, 403, 394 N.E.2d 570.) Judge Liffshin committed no reversible error.

■■ Second, Mr. Stewart argues that the trial court considered the wife's marital conduct in reaching an equitable property division, in violation of section 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 503). He cites a portion of the record, however, in which it is clear that the trial judge was reading from the transcript of the prior proceeding in an attempt to reach a stipulated statement of facts. When none was forthcoming, the trial judge abandoned that transcript, and did not again refer to the lack of marital misconduct on the part of Mrs. Stewart. In addition, even if the trial judge did consider the facts as disclosed by the transcript, they referred to Mrs. Stewart's contribution as a housewife to the marriage. These are facts which the Illinois Marriage and Dissolution of Marriage Act explicitly states may be considered in reaching an equitable distribution of property. Ill. Rev. Stat. 1977, ch. 40, par. 503(c).

Third, Mr. Stewart suggests that the trial judge went beyond the limits of his discretion in ordering him to give Mrs. Stewart the entire house. Appellant misinterprets the trial court's order. It clearly states that Mr. Stewart was to give "his interest" to Mrs. Stewart. There was thus no abuse of discretion.

■ Fourth, Mr. Stewart complains that the pension fund was first mentioned at the trial on the distribution of property and not in any of the pleadings. The property of the parties need not be set out in the pleadings. (Ill. Rev. Stat. 1977, ch. 40, par. 403(a).) Since counsel for Mr. Stewart stipulated to the existence of the pension fund death benefits, and since Mr. Stewart himself testified as to the amount, they were not surprised when the pension fund became an issue. We find no harm to Mr. Stewart in the failure to mention this or any other specific item of personal property in the pleadings. See Ill. Rev. Stat. 1977, ch. 110, par. 34.

■■ Finally, Mr. Stewart argues that the distribution of property was inequitable, and that the award of attorney's fees was improper, since both parties made about the same amount of money. We decline to reverse the property distribution of the trial judge, finding it to be within the bounds of his just discretion. Ill. Rev. Stat. 1977, ch. 40, par. 503(c).

The award of attorney's fees is a different matter. In making that award, the trial court said that the property distribution issue never should have gone to trial on the merits. The court thus based its award not on the relative financial abilities of the parties, for they were equivalent, but on the husband's decision to present live witnesses on the property distribution issue instead of agreeing to stipulated facts.

■■ Although attorney's fees may be awarded in connection with the defense of a proceeding under the Act (Ill. Rev. Stat. 1977, ch. 40, par. 508(a)(1)), the criterion for assessing fees is the relative financial resources of the parties. (*Klingberg v. Klingberg* (1979), 68 Ill. App. 3d 513, 518, 386 N.E.2d 517, 521.) In *In re Marriage of Borowczyk* (1979), 78 Ill. App. 3d 425, 397 N.E.2d 71, we said that in a proceeding to modify custody, attorney's fees are not to be awarded simply because the spouse fails to prove the allegations of his complaint. Similarly, attorney's fees cannot be imposed on a spouse as a penalty for preferring to call witnesses on the property distribution issue instead of stipulating the facts. Refusal to admit a fact can result in an award of attorney's fees, but only if the spouse seeking the admission complies with Supreme Court Rule 219(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 219(c)), one of the discovery rules, which gives the opposing party time to respond. Mrs. Stewart did not proceed under that rule. She was awarded attorney's fees only under section 508 of the Dissolution of Marriage Act.

■■ ■ The legislature made vexation and harassment relevant considerations in the award of attorney's fees for the cost of a proceeding to modify a dissolution order (Ill. Rev. Stat. 1977, ch. 40, par. 610(c)), but it did not do so in the award of fees under section 508 for the defense of an action to distribute marital property. Regardless of whether the facts could have been conveniently stipulated by Mr. Stewart, the trial court erred in awarding fees under section 508 when each spouse had about the same income.

The judgment distributing the property was proper and is affirmed. The award of attorney's fees to the wife must be reversed.

Affirmed in part and reversed in part.

McNAMARA and RIZZI, JJ., concur.